OWEN, WILLIAM C., Jr., Associate Judge.
In Williams v. State, 351 So.2d 433 (Fla. 4th DCA 1977), this court affirmed appellant’s conviction of sexual battery. Within the respective judicial systems of most civilized countries of the free world, that would have been the end of the matter. Here it was only the end of the first round.
The second round commenced on June 1, 1979, when Williams filed a petition for writ of habeas corpus with the Florida Supreme Court asserting 1) that he had been denied due process because his conviction was based on an unconstitutional statute, 2) that he was denied effective assistance of counsel on appeal, and 3) that he was denied the right to a direct appeal. The Florida Supreme Court, determining (over Williams’ objections) that the issues raised were matters within the jurisdiction of the circuit court, ordered the petition transferred to the circuit court and treated as a motion under Rule 3.850. Williams v. Wainwright, Case No. 56,990. The circuit court did treat the petition as a motion under Rule 3.850, but denied it without a hearing. This appeal is from that order.
Appellant correctly asserts that the trial court erred in denying his motion without a hearing since the order was not predicated upon the legal insufficiency of the motion and did not have attached a copy of that portion of the files and records which conclusively show that he was not entitled to relief. As the record before us now stands, all three issues raised in appellant’s “motion” require a hearing unless the files and record conclusively show that appellant is entitled to no relief. Calhoun v. State, 362 So.2d 726 (Fla. 1st DCA 1978).
True, two of the issues, denial of effective assistance of counsel on appeal and denial of right to appeal, would normally not be within the jurisdiction of a trial court to consider. Smith v. State, 400 So.2d 956 (Fla.1981); Knight v. State, 394 So.2d 997 (Fla.1981). Rather, the claims would properly be raised by a petition for writ of habeas corpus filed in an appellate tribunal. Knight v. State, supra; State v. Wooden, 246 So.2d 755 (Fla.1971). However, appellant filed such a writ in the Florida Supreme Court, and that court determined specifically that the issues were matters within the jurisdiction of the circuit court. The law of this case is that the circuit court has jurisdiction to decide these issues. *514 Greene v. Massey, 384 So.2d 24 (Fla.1980). And so, on to the third round.
REVERSED AND REMANDED for further proceedings in accordance herewith.
HURLEY and DELL, JJ., concur.