SHIVERS, Judge.
Appellant was charged with burglary of a dwelling with the intent to commit a battery, attempted sexual battery, and lewd, lascivious, or indecent assault or act upon or in the presence of a child under the age of fourteen. The charge of attempted sexual battery was dropped before trial. After trial by jury, appellant was found guilty of trespass of a structure occupied by a human being, a lesser included offense of burglary of a dwelling with battery, and lewd, lascivious, or indecent assault and cumulatively sentenced to sixteen years imprisonment. The public defender filed an Anders brief pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). We find no reversible error and affirm.
After having reviewed the record, we find only one point that merits discussion. At the hearing on appellant’s motion for new trial, appellant’s counsel pointed out that if appellant had been found guilty as charged, the sentencing guidelines would have prescribed a presumptive sentence equal to one half of that for which appellant was convicted.[1] Appellant’s counsel argued that this anomaly in the sentencing guidelines constituted a mitigating factor warranting the trial court’s departure from the guidelines pursuant to Fla.R.Crim.P. 3.701(d)(ll). The trial court disagreed and imposed the maximum sentences allowed by law on both counts for which appellant was convicted. Fla.R.Crim.P. 3.701(d)(10). We find no error in the trial court’s sentences.
As noted by all parties, the situation presented by the sentencing guidelines in this case is an anomaly. Nonetheless, the trial courts and this court are constrained to follow the presumptive sentence of the sentencing guidelines unless there are clear and convincing reasons warranting departure. We do not find that the- anomaly presented by this case constitutes a clear and convincing reason to warrant mitigating appellant’s sentences. Accordingly, ap *976 pellant’s judgments of conviction and sentences are AFFIRMED.
MILLS and WENTWORTH, JJ., concur.

. Appellant’s primary offense as charged was burglary of a dwelling with the intent to commit and the commission of a battery upon another person contrary to section 810.02, Florida Statutes, a first degree felony. Appellant's primary offense as convicted was lewd, lascivious or indecent assault on or in the presence of a child contrary to section 800.04, Florida Statutes, a second degree felony. Defense counsel stated that if appellant had been convicted as charged with burglary of a dwelling with battery as the primary offense, the burglary scoresheet would have been used resulting in a recommended sentence of eight years. However, since appellant was convicted of trespass of a structure occupied by a human being, a first degree misdemeanor, and lewd, lascivious or indecent assault, a second degree felony and therefore the primary offense, the sexual offenses scoresheet was used resulting in a recommended sentence of twenty years. The maximum sentence that could be imposed, however, was fifteen years on the lewd, lascivious or indecent assault conviction and one year on the trespass conviction, as these are statutory máximums. Fla.R.Crim.P. 3.701(d)(10); section 775.082(3)(c), Florida Statutes (1983); section 775.082(4)(a), Florida Statutes (1983).