JOANOS, Judge.
This is an appeal from an adjudication of guilt entered after a jury found appellant guilty of lewd and lascivious assault upon a child. Appellant raised six points on appeal. For the reasons set forth below, we affirm.
As first point for review, appellant alleges inadequate assistance of court-appointed counsel. Since “an allegation of ineffective assistance of counsel may not be raised for the first time on direct appeal,” Wright v. State, 428 So.2d 746, 749 (Fla. 1st DCA 1983), we find it unnecessary to address this issue. Appellant may present this claim in a motion for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850.
As second point, appellant alleges the state failed to prove a prima facie case, arguing that the chief witness for the state was not credible. We have determined that the evidence presented constituted a prima facie case but cannot pass upon the credibility of the state’s chief witness as that was the province of the jury. See: Wilson v. State, 282 So.2d 667 (Fla. 2d DCA 1973).
As third point, appellant alleges the prosecutor made improper and prejudicial statements to the jury. A careful reading of the trial transcript demonstrates that the prosecutor’s statements were well within the latitude permitted trial counsel in argument to a jury, and require no expression of disapproval by this court. See: State v. Murray, 443 So.2d 955 (Fla.1984).
As fourth point, appellant alleges he may have been prejudiced by the presence of an unqualified juror on the jury impaneled to try his case. There is nothing in the record reflecting prejudice to defendant on this point that would enable this court to review the question presented by appellant. We note in passing, however, that the mere presence on the jury of an employee who happens to be a part of the criminal justice system, does not result in prejudice per se to a defendant in a criminal trial. See State v. Williams, 465 So.2d 1229 (Fla. 1985).
As fifth point, appellant alleges the attention currently being focused on incidents of child sexual abuse presented an atmosphere which made it impossible for him to receive a fair trial. Again, appellant provides no support for his claim. When pretrial publicity is invoked as the basis for an allegation of essential unfairness in the trial of a criminal case, the party making the claim has “the burden of showing essential unfairness.” Murphy v. Florida, *520 421 U.S. 794, 95 S.Ct. 2031, 44 L.Ed.2d 589 (1975).
The sixth point raised by appellant encompasses two claims: (1) that he was denied reasonable bail, and (2) that he was denied credit for time served. Since appellant was found by the trial court to be insolvent he contends his $10,000 bail was unreasonable and an abuse of discretion. We do not address this issue for it is moot. The allegation that appellant was denied credit for time served before his conviction is also moot. Information supplied during this appeal reflects that on February 7, 1985, the trial court entered an order granting defendant credit for the time served and correcting the judgment.
Therefore, the trial court judgment is affirmed.
THOMPSON and ZEHMER, JJ., concur.