MILLS, Judge.
Havis appeals from an order denying him post-conviction relief sought pursuant to Florida Rules of Criminal Procedure 3.850. We agree with Havis’ position that the trial court should not have summarily denied his petition and, therefore, reverse.
Havis was convicted on 13 December 1983, after a trial by jury, of trespass of a structure occupied by a human being and lewd, lascivious or indecent assault in the presence of a child under the age of 14. He received a sentence of 13 years. Following this a direct appeal was taken. By order of this court on 14 December 1984, Havis’ conviction and sentence were upheld. Havis v. State, 461 So.2d 974 (Fla. 1st DCA 1984).
Herein, Havis contends he should be granted post-conviction relief on the ground of the ineffective assistance of counsel. The trial court summarily denied Havis’ motion, opining: “[T]he defendant had a full and complete jury trial and a plenary appeal and all matters raised in his motion could and should have been raised in said appeal.”
We would first point out that the trial court in its order incorrectly states that the issue of ineffective assistance of counsel was raised in Havis’ direct appeal. Havis’ direct appeal was initiated by the filing of a brief pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and the only issue discussed in this court’s opinion was that of sentencing error in relation to the sentencing guidelines. More significantly, however, the trial court has overlooked the rule of law which holds that the issue of ineffective assistance of trial counsel may not be raised for the first time »n direct appeal. Smolen v. State, 468 So.2d 518 (Fla. 1st DCA 1985); McKelvin v. State, 497 So.2d 951 (Fla. 1st DCA 1986).
*4 Having determined that Havis’ motion for post-conviction relief addresses a matter which can be raised in a collateral attack, we would hasten to add that the motion alleges facts which, if true, would entitle Havis to relief. Therefore, pursuant to the dictates of Rule 3.850, the trial court should have attached to its order those portions of the files and records which conclusively show Havis is not entitled to any relief or the court should have held an evidentiary hearing on the matter. Calhoun v. State, 362 So.2d 726 (Fla. 1st DCA 1978); Williams v. State, 440 So.2d 512 (Fla. 4th DCA 1983). Neither action was taken below. Accordingly, we reverse and remand with directions to the trial court that it follow the requirements of Rule 3.850. Cookish v. State, 416 So.2d 53 (Fla. 4th DCA 1982).
Reversed and remanded with directions.
BOOTH, C.J., and THOMPSON, J., concur.