ZEHMER, Judge.
Dawson Eugene Havis, acting pro se, appeals the lower court’s June 19, 1987, order denying his motion for post-conviction relief, filed pursuant to Fla.R.Cr.P. 3.850, without affording him an evidentiary hearing. The state has now filed an answer brief pursuant to our request. We reverse the order denying Havis’s rule 3.850 motion, and remand the cause for an evidentiary hearing.
The record in this case shows that on December 13, 1983, Havis was convicted after a trial by jury of trespass of a structure occupied by a human being, and lewd, lascivious or indecent assault in the presence of a child under the age of 14; he was sentenced to 13 years in prison. This court affirmed the judgment and sentence. Havis v. State, 461 So.2d 974 (Fla. 1st DCA 1984). On June 23, 1986, Havis filed a motion for post-conviction relief on the ground that he received ineffective assistance of counsel. On June 24, 1986, the lower court summarily denied Havis’s motion; Havis appealed the order of denial. This court reversed and remanded the case with directions to the lower court to either attach to its order those portions of the record conclusively refuting the allegations of the motion or hold an evidentiary hearing. Havis v. State, 506 So.2d 3 (Fla. 1st DCA 1987). On June 19, 1987, the lower court entered an order denying Havis’s rule 3.850 motion and indicating and attaching the portions of the record that it contends refute the allegations of the motion. We agree with Havis that these portions of the record do not conclusively refute the allegations contained in his motion.
Havis alleged in his rule 3.850 motion that his trial counsel failed to call witnesses who would have testified that he did not have a beard, as the victim described, at the time of the assault. The lower court stated in the appealed order that the motion was insufficient in that it should have contained the name of the particular witness that defense counsel failed to call. That statement is contrary to this court’s earlier ruling that the 3.850 motion was facially sufficient and therefore should not have been summarily denied. Havis v. State, 506 So.2d 3 (Fla. 1st DCA 1987). The lower court did attach to the order of denial an affidavit of defense counsel in which he stated that his investigator “could find no witnesses who could or would testify to any degree of certainty as to Defendant’s facial hair at the time of the alleged offense.” This affidavit, which is dated the same day as the appealed order of denial, was obviously prepared by defense counsel and filed with the lower court to provide that court with support for its denial of appellant’s motion. Because this affidavit was not part of the court files or record at the time the court initially denied Havis’s motion, and because it only represents the defense attorney’s factual denial that his assistance was ineffective, we cannot view it as the required “portion[s] of the files and records conclusively showing the defendant is entitled to no relief.” Havis v. State, 506 So.2d at 4. The phrase “files and records” does not include factual affidavits presented to the court after the motion has been filed. Rather, this affidavit raises a new factual matter which must be considered at an evidentiary hearing on the motion.
*419 The state’s argument in response to this appeal is, in effect, that appellant’s motion is legally insufficient because it does not establish the requisite prejudice under Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). A determination that Havis sufficiently alleged the requisite prejudice was made by this court on the prior appeal. Havis v. State, 506 So.2d at 4. Havis will bear the burden of establishing such prejudice at the evidentiary hearing.
The lower court also failed to attach portions of the files and records conclusively refuting Havis’s allegation that defense counsel allowed a friend of the prosecutor to serve in the trial of this case as a juror. Rather, the lower court merely stated in the order on remand that Havis failed to allege in the motion which juror was a friend of the prosecutor and that he should have raised this issue in his plenary appeal.[1] These statements are contrary to this court’s earlier ruling in Havis v. State, 506 So.2d 3, and do not conclusively refute the allegation. Furthermore, for the reasons stated above, defense counsel’s affidavit cannot serve as the “files or record” required to conclusively refute the allegation.
Accordingly, the June 19, 1987, order is reversed, and this cause is remanded for an evidentiary hearing wherein Havis will be afforded the opportunity to present evidence in support of the allegations contained in his motion for post-conviction relief.
REVERSED AND REMANDED.
ERVIN, J., concurs.
NIMMONS, J., specially concurring with opinion.

. Although Havis could have raised the issue of whether he received a fair trial due to the bias of a juror on his direct appeal, he could not have raised the issue of whether his counsel was ineffective in that he knowingly allowed a biased juror to serve on the jury in his case. A claim of ineffective assistance of counsel cannot be reviewed on direct appeal because it is a matter that has not previously been ruled on by a trial court; such a claim is properly the subject of a rule 3.850 motion. Chambers v. State, 530 So.2d 452 (Fla. 1st DCA 1988).