619 So.2d 495 (1993)
Lewis D. CRITTON, Appellant,
v.
STATE of Florida, Appellee.
No. 91-3108.
District Court of Appeal of Florida, First District.
June 11, 1993.
*496 Nancy A. Daniels, Public Defender, and John S. Lynch, Sp. Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and Bradley R. Bischoff, Asst. Atty. Gen., Tallahassee, for appellee.

OPINION ON REMAND
PER CURIAM.
On September 21, 1992, we issued an opinion in the appellant's direct appeal from his convictions and sentences. Critton v. State, 604 So.2d 933 (Fla. 1st DCA 1992). In that opinion, we certified a question to the supreme court. The supreme court has now answered the certified question, quashed our previous opinion, and remanded for proceedings consistent with State v. Rucker, 613 So.2d 460 (Fla. 1993). State v. Critton, 613 So.2d 475 (Fla. 1993). Accordingly, we vacate our previous opinion and substitute the following.
The appellant challenges judgments of conviction and habitual violent felony offender sentences, as well as a restitution order. The appellant has not established any reversible error with regard to the judgments of conviction. Certain prosecutorial comments made during closing argument may have been improper, but the appellant did not object and the comments did not so impair the fairness of the proceeding as to produce any fundamental error. The trial court erred in failing to make the specific findings required by section 775.084(1)(b)3 and 4, Florida Statutes, but, upon review of the record, we conclude that such failure amounted to harmless error. The restitution order must, however, be vacated, because it was entered after the court was divested of jurisdiction.
The appellee concedes that, in imposing a habitual violent felony offender sentence, the trial court failed explicitly to make the findings required by section 775.084(1)(b)3 and 4, that the predicate conviction had not been pardoned or set aside. But in State v. Rucker, the supreme court held that the failure to make findings required by the habitual felony offender statute is subject to a harmless error analysis.
Our review of the record reflects that the appellee introduced unrebutted evidence of the appellant's conviction for armed robbery within five years before his commission of the current offenses, and that the appellant made no claim before the trial court that his armed robbery conviction had been pardoned or set aside. The appellant likewise makes no claim in this court that his armed robbery conviction was pardoned or set aside. Under these circumstances, the trial court's failure expressly to make the ministerial findings under section 775.084(1)(b)3 and 4 was harmless error. See State v. Rucker, 613 So.2d at 462.
*497 After the judgments and sentences were entered in this case the appellant filed a notice of appeal, and the court thereafter entered the challenged restitution order. Once the notice of appeal was filed, the court lacked jurisdiction to amend the sentence by ordering restitution. Dailey v. State, 575 So.2d 237 (Fla. 2d DCA 1991). Although the absence of a restitution order in accordance with section 775.089(1)(a), Florida Statutes, may make the sentence incomplete and subject to modification under Florida Rule of Criminal Procedure 3.800(b), such modification may not be obtained while the appeal is pending. See Dailey.
The judgments and sentences are affirmed, but the restitution order is vacated.
JOANOS, C.J., and ALLEN and WEBSTER, JJ., concur.