649 So.2d 334 (1995)
William MADDRY, Appellant,
v.
STATE of Florida, Appellee.
No. 94-819.
District Court of Appeal of Florida, First District.
January 31, 1995.
*335 William Maddry, pro se.
Robert A. Butterworth, Atty. Gen., Amelia L. Beisner, Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
William Maddry appeals the trial court's denial of his motion filed pursuant to Florida Rule of Criminal Procedure 3.850. We reverse and remand for an evidentiary hearing, if necessary.
On direct appeal from Maddry's conviction and sentence for three counts of sexual battery by a person in familial authority upon a child over the age of twelve years, the majority of a panel of this court refused to reach the question of the admissibility of certain similar fact evidence, on grounds the issue had not been preserved. Maddry v. State, 585 So.2d 359 (Fla. 1st DCA 1991). The one judge who considered the question on its merits expressed the view that reversible error had occurred. Id. at 361-363 (Barfield, J., dissenting).
Chief among Mr. Maddry's claims in the collateral proceeding is the contention that trial counsel was ineffective in failing to object properly to the admission of the similar fact evidence so as fully to preserve the issue of its admissibility for appellate review. In originally determining that Mr. Maddry was not entitled to relief, the trial court expressly relied on an affidavit of defense counsel[1] submitted by the State in response to Maddry's motion. The affidavit of a single witness, which was not a part of the record at the time the motion was filed, cannot be employed to refute Maddry's claims of ineffective assistance of counsel, or to obviate the necessity of an evidentiary hearing. Havis v. State, 555 So.2d 417, 418 (Fla. 1st DCA 1989). The trial court did not attach other portions of the record that might demonstrate that Maddry is entitled to no relief.
Accordingly, the order of the trial court is reversed, and the cause is remanded to the trial court either to conduct an evidentiary hearing or to deny the motion and attach portions of the record that conclusively show appellant is entitled to no relief on the alleged ineffective assistance of counsel.
JOANOS, LAWRENCE and BENTON, JJ., concur.
NOTES
[1] The trial court, through an amendment to the order denying the motion, later disavowed any reliance upon the affidavit of defense counsel. The amended order was entered on March 15, 1994, however, after Maddry had filed his notice of appeal. The trial court was, as the State concedes, without jurisdiction to enter the amended order, and it is of no effect. See Critton v. State, 619 So.2d 495, 497 (Fla. 1st DCA 1993).