MICKLE, Judge.
Raymond Alonzo Mims appeals from an amended order denying Ms June 1994 motion for posteonviction relief. Fla. R.Crim.P. 3.850. We reverse and remand for an evidentiary hearing. Havis v. State, 555 So.2d 417 (Fla. 1st DCA 1989). The motion, in pertinent part, alleged ineffective assistance of counsel based on the trial attorney’s refusal to permit the appellant to testify in Ms own behalf. See Mims v. State, 656 So.2d 577 (Fla. 1st DCA 1995) (finding the appellant’s other argument to be without merit, and reversing and remanding for an evidentiary hearing or attachments relating to the issue at hand). On remand, the trial court addressed counsel’s alleged failure to allow the appellant to testify, and it attached a September 1995 affidavit prepared by defense counsel after the appellant filed Ms Rule 3.850 motion. Counsel expressly demed ever telling the appellant that he could not testify or preventing him from testifying. Relying solely on this affidavit, the trial court concluded that an evidentiary hearing would be “an exercise in futility,” and it deMed the motion.
The appellant contends that it was reversible error to deny Ms motion summarily, and the state correctly concedes that the affidavit does not constitute sufficient evidence to refute the claim in tMs case. We are constrained to reverse the order and to remand for an evidentiary hearing addressing the new factual matters raised in the affidavit, wMch serve as “the functional equivalent of testimony” contradicting the appellant’s sworn allegations. Cintron v. State, 508 So.2d 1315,1316 (Fla. 2d DCA 1987) (deputy sheriffs affidavit stating that he had given Miranda warnings in Sparnsh to Híspame defendant was inadequate basis for summarily denying Rule 3.850 motion alleging counsel’s ineffectiveness for failure to move to suppress tainted confession); Havis, 555 So.2d at 418; Harrell v. State, 458 So.2d 901, 902 (Fla. 2d DCA 1984).
An affidavit of counsel that was unavailable to the trial court when the Rule 3.850 motion was filed is not part of the “files or record” on wMch the court may solely rely to refute conclusively the appellant’s allegations pursuant to Rule 3.850(d). See, e.g., Maddry v. State, 649 So.2d 334 (Fla. 1st DCA 1995) (where summarily demed Ride 3.850 motion alleged ineffective counsel for failure to make proper objection to similar fact evidence so as to preserve issue, counsel’s affidavit, wMch was not part of record at time of filing the postconviction motion, was insufficient to meet requirements of rule); Morris v. State, 624 So.2d 864 (Fla. 2d DCA 1993); Havis, 555 So.2d at 417 (counsel’s affidavit challenging defendant’s allegations in a Rule 3.850 motion did not constitute part of the “files and records,” available to the trial court when the motion was filed, so that an evidentiary hearing was required to address the “new factual matter” raised in the affidavit). In accordance with Havis and its progeny, we REVERSE the order and REMAND for an evidentiary hearing.
MINER and WEBSTER, JJ., concur.