PER CURIAM.
William Maddry appeals the trial court’s denial of his motion filed pursuant to Florida Rule of Criminal Procedure 3.850. We reverse and remand for a new trial.
Maddry was convicted on three counts of sexual battery of his 13-year-old daughter while in a position of familial authority. On direct appeal, Maddry argued that the trial court abused its discretion in admitting testimony that he engaged in sexual activity with K.S., a 17-year-old girl who was allegedly his illegitimate daughter. The majority of a panel of this court refused to reach the question of the admissibility of this evidence, on the ground that the issue had not been preserved. Maddry v. State, 585 So .2d 359 (Fla. 1st DCA 1991).
Maddry then filed a motion pursuant to Florida Rule of Criminal Procedure 3.850. Chief among his claims is the contention that trial counsel was ineffective in failing to object properly to the admission of the similar fact evidence so as fully to preserve the issue of its admissibility for appellate review. The trial court initially denied the motion. On appeal, the matter was remanded with directions to either conduct an evidentiary hearing or deny the motion and attach portions of the record that conclusively show appellant is entitled to no relief on the alleged ineffective assistance of counsel. Maddry v. State, 649 So.2d 334 (Fla. 1st DCA 1995).
On remand, the trial court determined that defense counsel was not ineffective with regard to introduction of the testimony of K.S. The trial court noted that defense counsel filed a written Motion in Limine which set forth adequate grounds to challenge the admissibility of the evidence, the trial court considered the Motion in Limine and arguments of counsel, and the trial court ruled the evidence admissible with an oral order reflecting ruling on the grounds of relevance and prejudice as urged by defense counsel in the Motion in Limine. The trial court con- *1315 eluded that the proper objection to the evidence had been made by defense counsel,
The trial court erred in determining that defense counsel adequately objected to introduction of the testimony of K.S. The majority opinion on direct appeal is the law of the case on this issue. As noted by the majority:
At a hearing on the motion [in limine to exclude the testimony of K.S.], counsel argued that there was no competent evidence to show that appellant was in fact the biological father of K.S., without which showing such testimony would be inadmissible as demonstrating only propensity and bad character and, further, that there was no evidence to show that the sexual conduct described by K.S. was illegal under the laws of New York or Pennsylvania, the states where such conduct was alleged to have taken place....
On appeal, Maddry’s appellate counsel argues that KS.’s testimony was “not relevant to any material issue, nor did the testimony reveal any factual or characteristic similarity between [KS.’s] sexual encounter with the Appellant and the alleged sexual activity of the Appellant with the victim, nor did the testimony serve to corroborate the testimony of the victim.”
Appellant’s arguments on appeal are wholly different than those made by defense counsel below. Indeed, the arguments advanced below are not urged before us.
The majority of a panel of this court on direct appeal determined that defense counsel did not argue that the testimony of K.S. was not relevant to any material issue and did not argue that there was no similarity between the sexual encounter with K.S. and the alleged sexual activity with the alleged victim. The failure to do so was deficient performance on the part of defense counsel.
Maddry has adequately shown that the deficient performance prejudiced the defense. At trial, the thirteen-year-old victim testified about alleged incidents of sexual abuse. Maddry’s ex-wife, the victim’s stepmother, corroborated the victim’s testimony regarding one of the three alleged incidents. As previously noted in the dissenting opinion on direct appeal, however, “the testimony of several relatives that the victim had recanted her accusations as lies intended to get her stepmother to leave, a letter from the victim to her grandmother to that effect, and the testimony of a neighbor that the victim had asked for her help in getting the stepmother to leave, placed the victim’s credibility at issue.” There was also evidence that Mad-dry had been granted primary custody of his children with the ex-wife and that he and the ex-wife were involved in a bitter custody dispute. Under these facts, there is a reasonable probability that, but for the testimony of K.S. that she met appellant at a truck stop when she was seventeen, travelled with him for several weeks, and that she and Maddry continued to live together and to have sexual relations after Maddry realized he was probably her father, the result of the proceeding would have been different.
Accordingly, the order on appeal is reversed and the matter is remanded with directions to grant a new trial.[1]
BARFIELD, C.J., and ERVIN and KAHN, JJ., concur.

. We therefore find it is not necessary to address Maddry’s argument that the trial judge failed to rule on his argument that defense counsel’s failure to object to inclusion of victim injury points on the scoresheet demonstrated ineffective assistance of counsel. With regard to the remaining issues raised on appeal, the record supported the findings of the trial court.