Marie Lancaster BUSBY, # 128051, Petitioner-Appellant,

v.

Kathleen B. HOLT, Warden; Charles A. Graddick, Attorney General of the State of Alabama, Respondents-Appellees.

No. 84–7110.

United States Court of Appeals, Eleventh Circuit.

Jan. 23, 1986.

W. Gregory Hughes, J. Jerry Pilgrim, Mobile, Ala., for petitioner-appellant.

James F. Hampton, Sp. Asst. Atty. Gen., Montgomery, Ala., for respondents-appellees.

Before GODBOLD, Chief Judge, CLARK, Circuit Judge, and THOMAS[*], Senior District Judge.

## ON SUA SPONTE RECONSIDERATION
## PER CURIAM:

The court sua sponte withdraws that part of its opinion beginning with the second full paragraph of Part II, 771 F.2d at 1467 ("Petitioner contends that the state attorney ..."), and extending through the second full paragraph on p. 1470 ("... would have been cumulative to evidence already admitted.").

In lieu thereof we substitute the following:

Petitioner contends that the state attorney was guilty of prosecutorial misconduct when he intentionally put Dennis Cross on the stand knowing that he would not answer the questions asked of him. In a separate argument she contends that once Cross took the stand she was deprived of the opportunity, under the Sixth Amendment, to cross-examine Dennis Cross and dispel the adverse inferences created against her by the questions propounded.

■ We are not persuaded that the former argument states a separate ground of relief here. It is subsumed by the confrontation clause argument. Although in some egregious instances prosecutorial bad faith may in itself constitute a distinct due process violation,[1] the focus of the due process inquiry is on "the fairness of the trial, not the culpability of the prosecutor."[2] *Smith v. Phillips*, 455 U.S. 209, 219–20, 102 S.Ct. 940, 947, 71 L.Ed.2d 78 (1982); *see also, U.S. v. Agurs*, 427 U.S. 97, 110, 96 S.Ct. 2392, 2400, 49 L.Ed.2d 342 (1976); *Brady v. Maryland*, 373 U.S. 83, 87, 83 S.Ct. 1194, 1196, 10 L.Ed.2d 215 (1963). The only genuine issue raised here is whether petitioner's right to confront adverse witnesses was prejudicially infringed. The motive with which the witness was called does not in itself raise a distinct constitutional issue.

---

[*] Honorable Daniel H. Thomas, Senior U.S. District Judge for the Southern District of Alabama, sitting by designation.

1. *Namet v. U.S.*, 373 U.S. 179, 83 S.Ct. 1151, 10 L.Ed.2d 278 (1962), outlined two types of instances in which allowing the prosecution to question accomplices known to be prepared to assert the Fifth Amendment privilege constitutes reversible evidentiary error. The first type of instance is that in which the prosecution "makes a conscious and flagrant attempt to build its case out of inferences arising from the use of the testimonial privilege." *Id.* at 186, 83 S.Ct. at 1154. The second type of instance is that in which "inferences from a witness' refusal to answer added critical weight to the prosecution's case in a form not subject to cross-examination, and thus unfairly prejudiced the defendant." *Id.* at 187, 83 S.Ct. at 1155. *Namet* involved no constitutional issue, however. *Id.* at 185, 83 S.Ct. at 1154. The constitutional dimension of the second *Namet* fork was recognized in *Douglas v. Alabama*, 380 U.S. 415, 418–20, 85 S.Ct. 1074, 1076–77, 13 L.Ed.2d 934 (1965).

2. The district court found that the record of the proceedings in the state trial court "failed to establish flagrant behavior on the prosecutor's part." Even if it were necessary to sift the prosecutor's motives in order to evaluate the petitioner's claim, our conclusion would not be affected, for we see no reason to disturb this finding of fact.

■ The calling of Dennis Cross was contrary to the rule that "the prosecution may not deliberately call a witness closely identified with the defendant, knowing that the witness will assert his right to remain silent." *Lawrence v. Wainwright*, 445 F.2d 281, 282 (5th Cir.1971). Habeas relief is not appropriate, however, unless the petitioner can show that she was prejudiced by the prosecutor's conduct. *Id.* The only question whose content could have prejudiced the petitioner at trial was: "Have you ever been offered money to either murder Houston Busby yourself, or help someone else murder Houston Busby?" Any implication that the petitioner might have offered to pay Cross for killing her husband, or that Cross had acted on this inducement, was merely cumulative to other evidence.[3]

Kenneth Ladner, petitioner's son, testified that not long after she had been beaten by her husband he heard his mother tell Cross that she would give $10,000 to have Houston Busby killed. Ladner also testified that his mother often carried as much as this on her person in cash. Lynn Busby, previously married to Houston Busby's son, testified that she had seen petitioner bruised and swollen on several occasions and that petitioner had discussed having Houston Busby killed. The petitioner did not deny having made these statements but rather took the position that she did not intend them to be taken seriously. Petitioner testified that she had been beaten and threatened regularly and often by her husband, and admitted having taken part in an effort to conceal evidence of the crime with which she was charged. On several occasions the jury was made aware of the fact that Dennis Cross had been indicted for the murder of Houston Busby. After Cross was called and had left the witness stand the prosecution made no reference to his testimony. Given the abundance of evidence that was before the jury, we conclude that petitioner has shown no prejudice stemming from the calling of Dennis Cross.

Judge Clark continues to dissent for the reasons set forth in 771 F.2d commencing at p. 1470.

---

**3.** In *U.S. v. Ritz*, 548 F.2d 510, 519 (5th Cir. 1977), a federal prosecution, the court found reversible error where the questions put to the witness, who was known to intend to refuse to answer, were "superfluous." The court in *Ritz* was not concerned with a Sixth Amendment issue, however.