PER CURIAM.
The appellant, Robert Lee Blotz, contends the trial court erred in sentencing him as a habitual offender for three life felonies. Since, however, the record shows that Blotz was properly convicted and sentenced as a habitual offender for a crime which could have been classified as a life felony but was not, we find merit only in Blotz’s contention that the sentencing documents on his two actual life felony convictions improperly indicate habitual offender status. We also find that consecutive habitual offender sentences may have been improperly imposed on Blotz in this instance. For that reason, we affirm Blotz’s convictions, but remand this cause for resentencing.
Blotz was charged with kidnapping in violation of section 787.01, Florida Statutes (1991), count one; sexual battery in violation of section 794.011, counts two and three; and aggravated assault in violation of section 784.021, count four. After Blotz pled no contest to the charges against him, the trial court adjudicated him guilty of a first-degree *1241 felony punishable by life for kidnapping, a life felony for each count of sexual battery, and a third-degree felony for aggravated assault. Blotz was, thus, sentenced as a habitual offender to forty years’ imprisonment on the kidnapping conviction, forty years’ imprisonment on each sexual battery, and ten years’ imprisonment as a habitual offender on the aggravated assault conviction. All terms were ordered to run consecutively.
Because Blotz used a weapon at the time he committed the kidnapping offense herein, the state could have officially charged him with armed kidnapping, which is a life felony. See §§ 787.01 and 775.087, Fla.Stat. (1991). The state, however, chose not to actually charge Blotz with the enhanced crime. Blotz, thus, pled no contest to the kidnapping charge, which the record reflects was at all times treated as a first-degree felony punishable by life. Since habitual offender status may properly be imposed on a first-degree felony conviction pursuant to section 775.084, we find Blotz’s contention that he was improperly habitualized on the kidnapping charge merely because that crime could have been enhanced, to be without merit.
As to Blotz’s two life felonies, i.e., the two sexual battery convictions, the record shows that though the trial court acknowledged and orally pronounced that habitual offender sentences cannot be imposed on life felonies pursuant to Lamont v. State, 610 So.2d 435 (Fla.1992), the sentencing documents erroneously indicate that habitual offender status was imposed on such convictions. Those documents are, thus, in need of correction.
Further, the record shows that all prison terms imposed in this instance were ordered to run consecutively — including the habitual offender sentences imposed on the kidnapping and aggravated assault convictions, i.e., counts one and four. We find that such a sentencing scheme may be erroneous pursuant to Hale v. State, 630 So.2d 521 (Fla.1993), and Dietrich v. State, 635 So.2d 148 (Fla. 2d DCA 1994), which hold that consecutive habitual offender sentences for crimes arising out of the same criminal episode are improper. For that reason, we remand the instant cause for resentencing. Blotz’s convictions are, otherwise, affirmed.
Accordingly, the instant cause is remanded for proceedings consistent with this opinion.
HALL, A.C.J., and PARKER and BLUE, JJ., concur.