PER CURIAM.
Ernest R. Joe, Jr., appeals his numerous convictions and sentences arising out of a home invasion in August 1992. We affirm Mr. Joe’s convictions, but reverse and remand for resentencing.
The trial court imposed habitual violent felony offender sentences for some of Mr. Joe’s convictions, but erroneously ordered those sentences to run consecutively. Habitual violent felony offender sentences arising from a single criminal episode must run concurrently. Hale v. State, 630 So.2d 521 (Fla.1998), cert. denied, — U.S. —, 115 S.Ct. 278, 180 L.Ed.2d 195 (1994). Next, the trial court correctly determined that the two life felony offenses were not eligible for habitual offender sentences. Dixon v. State, 659 So.2d 448 (Fla. 2d DCA 1995). The sentencing guidelines scoresheet prepared for Mr. Joe’s two life felonies included points for all of the convictions for which he received habitual violent offender sentences. Those offenses cannot be included on this scoresheet. Ricardo v. State, 608 So.2d 93 (Fla. 2d DCA 1992). Thus, on remand, the trial court must resentence Mr. Joe’s two life felony offenses using a correct scoresheet.
Affirmed in part, reversed in part, and remanded for resentencing with directions.
CAMPBELL, A.C.J., and ALTENBERND and BLUE, JJ., concur.