PER CURIAM.
Danny Toro challenges his convictions and sentences for kidnapping and four counts of sexual battery. We affirm his convictions and his sentence on the kidnapping charge. We reverse the sentences imposed on the sexual battery charges and remand for re-sentencing because the trial court erroneously declared Toro a habitual offender on the four life felonies, the sexual battery offenses.
At sentencing the trial court declared Toro a habitual felony offender on each of the crimes for which he was convicted. He argues this was error because the kidnapping and sexual battery offenses are life felonies not subject to habitualization. We agree that the four sexual battery offenses are life felonies and cannot be enhanced under the applicable habitual offender statute. See Lamont v. State, 610 So.2d 435 (Fla.1992); Joe v. State, 668 So.2d 325 (Fla. 2d DCA 1996). However, the kidnapping offense is a first degree felony, and the punishment for a first degree felony can be enhanced under the habitual offender statute. Blotz v. State, 640 So.2d 1240 (Fla. 2d DCA 1994).
Toro argues the kidnapping offense is a life felony because use of a firearm was charged in the information and the jury found him guilty as charged. Despite the language in the information, a felony can only be reclassified pursuant to section 775.087(1), Florida Statutes (1993), if there has been a specific finding by the jury that the defendant carried, displayed or used a firearm. A verdict form that recites the defendant is guilty as charged is not sufficient for reclassification or enhancement purposes. State v. Tripp, 642 So.2d 728 (Fla.1994). Since there was no specific jury finding of use of a firearm, Toro’s conviction for kidnapping cannot be reclassified as a life felony. The kidnapping offense is a first degree felony under section 787.01(2), Florida Statutes (1993), and a defendant who has been convicted of a first degree felony can have his punishment enhanced to life imprisonment when he is found to be a habitual felony offender. See § 775.084(4)(a), Florida Statutes (1993). Thus, the life sentence imposed for the kidnapping offense is not erroneous.
On resentencing for the sexual batteries, the trial court should order a new sentencing guidelines seoresheet as we note several errors on the present seoresheet. In addition there are portions of the seoresheet that are illegible. We reverse the sentences imposed for the four sexual battery convictions and remand for resentencing within the guidelines.
CAMPBELL, A.C.J., and QUINCE and WHATLEY, JJ., concur.