THREADGILL, Acting Chief Judge.
The appellant, Derrick Powell, challenges his judgments and sentences for first-degree felony murder, armed robbery, and armed burglary. He has presented six issues for review; however, we find merit only in his claim of various sentencing errors. We, therefore, affirm Powell’s convictions, but strike and/or vacate portions of his sentences.
Powell contends that, contrary to the jury verdict which found him guilty of both robbery while armed and burglary while armed, the written judgment inaccurately reflects that he was found guilty of robbery with a firearm and burglary with a firearm. As a result of that alleged inaccuracy, he argues that the trial court, pursuant to section 775.087(2), Florida Statutes (1993), erroneously imposed a three-year minimum-mandatory sentence on each of those convictions for the use of a firearm. Although Powell was properly convicted of armed robbery and armed burglary as a principal in the first degree pursuant to section 777.011, Florida Statutes (1993) — and the written judgment accurately reflects those convictions — the three-year minimum mandatory provision for use of a firearm was improperly applied to those offenses, because the evidence did not conclusively place a gun in Powell’s hand, or otherwise in his actual possession, during the *1208 commission of the crimes herein. See State v. Rodriguez, 602 So.2d 1270 (Fla.1992). For that reason, the three-year minimum-mandatory sentences imposed in this instance are stricken.
The record also shows that, while the instant appeal was pending, the trial court, pursuant to section 775.089, Florida Statutes (1993), entered a written restitution judgment requiring Powell to pay, jointly and severally with his codefendants, the amount of $10,000 to the Crimes Compensation Trust Fund. The trial court did not have jurisdiction to modify Powell’s sentences in that way. See Dailey v. State, 575 So.2d 237, 238 (Fla. 2d DCA 1991); Critton v. State, 619 So.2d 495, 497 (Fla. 1st DCA 1993). The restitution judgment is, therefore, vacated. See Dailey; Critton.
Powell also claims he was given improper credit against his current sentences for time served. It is impossible to discern from the face of this record whether there was any error in that regard. Since, however, this issue was not raised in the trial court, see State v. Mancino, 714 So.2d 429, 433 (Fla.1998), it was not preserved for appellate review, see Davis v. State, 704 So.2d 681, 684 (Fla. 1st DCA 1997).
Based on the foregoing, the three-year minimum-mandatory sentences are stricken, and the restitution judgment is vacated. Powell’s convictions and the remaining portions of his sentences are otherwise affirmed.
Affirmed in part, stricken in part, vacated in part.
NORTHCUTT and GREEN, JJ., Concur.