767 So.2d 1162 (2000)
Solomon WISE, Petitioner,
v.
STATE of Florida, Respondent.
No. SC96760.
Supreme Court of Florida.
June 29, 2000.
James B. Gibson, Public Defender, and Susan A. Fagan, Assistant Public Defender, Seventh Judicial Circuit, Daytona Beach, Florida, for Petitioner.
Robert A. Butterworth, Attorney General, and Kellie A. Nielan and Wesley Heidt, Assistant Attorneys General, Daytona Beach, Florida, for Respondent.
PER CURIAM.
We have for review Wise v. State, 739 So.2d 1280 (Fla. 5th DCA 1999), a decision of the Fifth District Court of Appeal citing as controlling authority its opinion in Maddox v. State, 708 So.2d 617 (Fla. 5th DCA 1998), approved in part, disapproved in part, 760 So.2d 89 (Fla.2000). We have jurisdiction. See art. V, § 3(b)(3), Fla. Const.; Jollie v. State, 405 So.2d 418, 420 (Fla.1981).
In Maddox, we recently concluded that a sentence that exceeds the maximum sentence allowed by statute constitutes a fundamental sentencing error that can be raised on direct appeal during the window period.[1] 760 So.2d at 101. Wise claims that his sentence of eighteen months' probation is illegal because it exceeds the statutory maximum sentence of sixty days *1163 permitted for a second-degree misdemeanor. See §§ 322.34(2)(a), 775.082(4)(b), Fla. Stat. (1997); see also State v. Summers, 642 So.2d 742 (Fla.1994) (stating that probationary terms are subject to a statutory maximum). The district court should have corrected this error on direct appeal even though it was not preserved for review.
In addition, Wise challenges special conditions of probation that were included in the written probation order but were not orally pronounced. In Maddox, we found that this does not constitute a fundamental error. 760 So.2d at 104. For the reasons expressed in this opinion, we quash the decision below and remand for proceedings consistent with our opinion in Maddox.[2]
It is so ordered.
HARDING, C.J., SHAW, WELLS, ANSTEAD, PARIENTE, LEWIS and QUINCE, JJ., concur.
NOTES
[1] In Maddox, we addressed the question of whether unpreserved sentencing errors should be corrected in appeals filed in the window period between the effective date of section 924.051, Florida Statutes (Supp. 1996), and our recent amendment to Florida Rule of Criminal Procedure 3.800(b) in Amendments to Florida Rules of Criminal Procedure 3.111(e) & 3.800 & Florida Rules of Appellate Procedure 9.020(h), 9.140, & 9.600, 761 So.2d 1015 (Fla.1999), reh'g granted, 761 So.2d at 1025. The appeal in this case falls within the window period discussed in Maddox.
[2] We decline to address the other issues raised by Wise that are not the basis of our jurisdiction. See, e.g., Wood v. State, 750 So.2d 592, 595 n. 3 (Fla.1999); McMullen v. State, 714 So.2d 368, 373 (Fla.1998).