763 So.2d 537 (2000)
John REESE, Appellant,
v.
STATE of Florida, Appellee.
No. 4D99-2681.
District Court of Appeal of Florida, Fourth District.
July 26, 2000.
*538 Richard L. Jorandby, Public Defender, and Ellen Griffin, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Jan E. Vair, Assistant Attorney General, West Palm Beach, for appellee.

ON MOTION FOR REHEARING
POLEN, J.
We deny appellant's motion for rehearing, but substitute the following opinion in place of our previously issued slip opinion, Reese v. State, 25 Fla. L. Weekly D1430 (Fla. 4th DCA June 14, 2000).
John Reese appeals from a sentence of seven years in prison as a habitual offender after a jury found him guilty of delivery of cocaine. He argues that the trial court failed to orally sentence him as a habitual offender. The state counters that he waived this issue. We agree with the state's argument and, thus, affirm.
After the trial had concluded, the jury found Reese guilty as charged. At sentencing, the state announced it had qualified Reese as a habitual offender. His sentencing guidelines indicated a sentencing range beginning from 15.9 months. The court then imposed, without objection, a sentence of seven years in prison, whereupon the state immediately asked the trial court to find him a habitual offender. The court then found him same. This timely appeal followed.
We hold that Reese waived this issue. "In order for a sentencing error to be raised on direct appeal from a conviction and sentence, it must be preserved in the trial court either by objection at the time of sentencing or in a motion to correct sentence under Florida Rule of Criminal Procedure 3.800(b)." Hyden v. State, 715 So.2d 960, 961 (Fla. 4th DCA 1998). While no objection can be made at the time of sentencing that the written judgment does not conform to the oral pronouncement, a defendant, if a notice of appeal has been filed, can file a rule 3.800(b)(2) motion to correct a sentencing error in the trial court at any time until *539 the first appellate brief is filed. Amendments of Florida Rules of Crim. Procedure 3.111(e) and 3.800 and Florida Rules of Appellate Procedure 9.020(h), 9.140, and 9.600, 761 So.2d 1015 (Fla.1999), reh'g granted, 761 So.2d at 1025 (hereinafter Amendments II). Here, the record shows that Reese never filed a rule 3.800(b)(2) motion to correct a sentencing error. Thus, we conclude that he may not raise this issue on appeal.
In this respect, we decline to address whether the alleged error was fundamental. Where an appellant filed his first appellate brief during the window period between the effective date of the Criminal Appeal Reform Act of 1996[1] and Amendments II, he may raise certain unpreserved sentencing errors on direct appeal as fundamental error. Maddox v. State, 760 So.2d 89 (Fla.2000). In this case, however, Reese filed his appellate brief after the effective date of Amendments II. Consequently, we need not determine whether the trial court's deviation from oral pronouncement of sentence constituted fundamental error.
With respect to the remaining point on appeal, we affirm.
WARNER, C.J., and STONE, J., concur.
NOTES
[1] Ch. 96-248, Laws. of Fla.