788 So.2d 328 (2001)
Anthony GARRETT, Appellant,
v.
STATE of Florida, Appellee.
No. 4D99-4116.
District Court of Appeal of Florida, Fourth District.
May 23, 2001.
*329 Richard B. Barkin, Boca Raton, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and August A. Bonavita, Assistant Attorney General, West Palm Beach, for appellee.
STEVENSON, J.
Anthony Garrett was tried by jury and convicted of three counts of robbery with a firearm. Garrett challenges his convictions on the basis that the trial court erred in admitting hearsay testimony concerning his identification by one of the three victims who did not testify at trial. We affirm the convictions since we find that the error was harmless. As for sentencing, Garrett argues that the trial court erred in imposing a three-year minimum mandatory for use of a firearm because it was one of his accomplices who in point of fact had the firearm. We affirm the sentence because, although the error was fundamental, it was not preserved for review on direct appeal.
Here, we write solely to address the sentencing issue. The State concedes that because Garrett never had possession of a firearm during this criminal episode, it was error for the trial court to impose a three-year minimum mandatory sentence pursuant to Florida Statutes section 775.087(2)(1997). See State v. Rodriguez, 602 So.2d 1270 (Fla.1992); Jenkins v. State, 448 So.2d 1060, 1062 (Fla. 4th DCA 1984); see also Powell v. State, 724 So.2d 1207, 1207-08 (Fla. 2d DCA 1998). Moreover, the State concedes that the improper imposition of a three-year minimum mandatory for use of a firearm has been held to constitute "fundamental error." See Porter v. State, 702 So.2d 257, 258 (Fla. 4th DCA 1997).
Garrett filed his notice of appeal on December 1, 1999, subsequent to the date that the recent amendments to rule 3.800(b) became effective. See Amendments to Florida Rules of Criminal Procedure 3.111(e) & 3.800 & Florida Rules of Appellate Procedure 9.020(h), 9.140 & 9.600 [Amendments II ], 761 So.2d 1015, 1020 (Fla.1999) (amendments effective immediately on date of opinion), reh'g granted (Fla. Jan. 13, 2000).[1] Thus, the question squarely raised in this appeal is whether a defendant who files his appellate brief after the effective date of Amendments II may seek review on direct appeal of a fundamental sentencing error if no objection in the trial court was raised and no post-trial rule 3.800(b) motion was filed. We hold that our supreme court's decision in Maddox v. State, 760 So.2d 89 (Fla.2000), mandates that this question be answered in the negative.
The court previously considered this issue in Reese v. State, 763 So.2d 537 (Fla. 4th DCA 2000)(on rehearing). There, Reese was sentenced to seven years in prison as a habitual offender after a jury found him guilty of delivery of cocaine. Reese argued on direct appeal that the trial judge failed to orally sentence him as a habitual offender. This court noted that the issue was not raised at the time of sentencing or in a motion to correct sentence under rule 3.800(b). The court, therefore, refused to consider the issue on direct appeal, and found it unnecessary to consider whether the alleged error was fundamental:

*330 In this respect, we decline to address whether the alleged error was fundamental. Where an appellant filed his first appellate brief during the window period between the effective date of the Criminal Appeal Reform Act of 1996 and Amendments II, he may raise certain unpreserved sentencing errors on direct appeal as fundamental error. Maddox v. State, 760 So.2d 89 (Fla.2000). In this case, however, Reese filed his appellate brief after the effective date of Amendments II. Consequently, we need not determine whether the trial court's deviation from oral pronouncement of sentence constituted fundamental error.
763 So.2d at 539 (footnote omitted).
Similarly, in reaching the same conclusion in Harvey v. State, 786 So.2d 595, 597 (Fla. 1st DCA 2001), the First District explained:
While the supreme court in Maddox v. State, 760 So.2d 89 (Fla.2000), indicated that the concept of fundamental sentencing error survived the enactment of the Criminal Appeal Reform Act of 1996 and the 1996 amendments to Florida Rule of Criminal Procedure 3.800(b), the court also indicated that, for defendants whose appeals fall outside the window period identified in Maddox as having closed on the effective date of their most recent amendments to Florida Rule of Criminal Procedure 3.800(b) in Amendments II, there would no longer be the concept of fundamental sentencing error because the procedural mechanism provided by the most recent amendments to the rule would allow for raising any alleged sentencing errors prior to the filing of the first appellate brief.
See also Capre v. State, 773 So.2d 92, 92 (Fla. 5th DCA 2000)("Under Maddox, sentencing errors occurring after the effective date of amended rule 3.800(b), even fundamental ones, are barred if not raised at trial or in post-trial proceedings pursuant to rule 3.800.").
Accordingly, we affirm the sentence on review. This affirmance is without prejudice to appellant seeking any available post-conviction relief.
POLEN and TAYLOR, JJ., concur.
NOTES
[1] Although the court issued an opinion on grant of rehearing, see 761 So.2d at 1025, this subsequent opinion dealt with issues unrelated to those involved in this case.