TAYLOR, J.
Following a bench trial, appellant was found guilty of tampering with physical evidence, obstructing an officer without violence, and unlawful possession of snook. We affirm, as there was competent substantial evidence to support convictions on all of these charges.
Appellant was placed on probation for two years on the tampering charge and for one year on the obstruction and snook possession charges, all to run concurrent with each other, with a special condition that he refrain from fishing during his probationary terms. Appellant first contends that' the “no fishing” condition is invalid. We agree with the state that this issue has not been properly preserved for direct appeal because appellant did not raise this sentencing error at the time of sentencing or file a motion pursuant to Florida Rule of Criminal Procedure 3.800(b). In any event, we find that appellant’s contention that the fishing prohibition was an invalid probation condition lacks merit.
Second, appellant argues that the one-year probationary term for unlawful possession of snook is illegal because it exceeds the statutory maximum sentence of sixty days or six months probation permitted for a second-degree misdemeanor. See §§ 370.021, 775.082(4)(b), Fla. Stat. *13 (2000); see also State v. Summers, 642 So.2d 742 (Fla.1994) (stating that probation terms are subject to a statutory maximum). Again, appellant did not raise this sentencing error at the time of sentencing or file a motion pursuant to Florida Rule of Criminal Procedure 3.800(b). Consequently, we cannot correct this sentencing error, though fundamental, because appellant did not properly preserve if for review on direct appeal.[1] See Wise v. State, 767 So.2d 1162 n. 1 (Fla.2000); Garrett v. State, 788 So.2d 328, 330 (Fla. 4th DCA 2001).
Accordingly, we affirm without prejudice to appellant’s right to file a rule 3.800(a) motion to correct sentence.
AFFIRMED.
STONE and WARNER, JJ., concur.

. The appeal in this case falls outside the window period discussed in Maddox v. State, 760 So.2d 89 (Fla.2000).