PER CURIAM.
The defendant appeals but we affirm the following order denying post-conviction relief:
THIS CAUSE came before the Court for a hearing on Defendant, Lloyd Hazel’s Motion to Correct Judgment. Defendant argues that his sentence is illegal because the State Attorney erroneously classified the offense of armed kidnapping as a life felony whereas the offense is only a first-degree felony punishable by life. Thus, the Defendant maintains that the points included in his scoresheet are in excess of what should be included.
The Information in this case charges the Defendant with armed kidnapping, citing Sections 787.01 and 775.087, Florida Statutes, although it does not specifically reference the use of a firearm. Under Section 775.087(l)(a), . Florida Statutes, whenever a person is charged with a felony[1] and during the commission of the felony the defendant uses a weapon or firearm, the felony is to be reclassified, in the case of a first degree felony to a life felony. The absence of the words “use of a firearm,” is not fatal to the State’s decision to enhance the penalty from a first-degree punishable by life to a life felony. This issue has been addressed in Mesa v. State, 632 So.2d 1094, 1098 (Fla. 3d DCA 1994), and it was held there that “[b] because Count III of the information ... references Section 775.087, Florida Statutes (1991) as one of the statutes the defendant was charged with violating, we conclude that the judgment of conviction *110 and sentence was properly entered below upon the jury’s conviction on this count, even though the information failed to allege possession of a firearm as an essential element under the above statute.”
Furthermore, the jury verdict form reveals that the jury made an explicit finding that the Defendant used a firearm during the commission of the kidnapping. See, Toro v. State, 691 So.2d 576 (Fla. 2d DCA 1997).
Accordingly, the Motion is DENIED.
Affirmed.

. There is an exception for "a felony in which the use of a weapon or firearm is an essential element....” § 775.087(1), Fla. Stat. (2001). The exception is not applicable here.