ORDER

DAVIS, Judge.
Frank J. Henry appeals the three-year minimum mandatory sentence imposed on a charge of possession of a firearm by a convicted felon. We reverse the sentence and remand for imposition of a new sentence deleting the minimum mandatory provision.
The State charged Henry with two counts of aggravated assault and one count of possession of a firearm by a convicted felon. The jury found Henry guilty as charged on the firearm count and guilty of the lesser charges of assault. The trial court sentenced Henry to time served on the misdemeanor assault charges and to a three-year minimum mandatory period of incarceration on the firearm count. Henry appeals the minimum mandatory sentence on several grounds. Because we reverse on one of those grounds, we do not address the others.
Henry argues that his case is governed by this court’s decision in Bundrage v. State, 814 So.2d 1133 (Fla. 2d DCA 2002), which requires a finding of actual possession of a firearm before the sentencing court may apply the enhancement provisions of section 775.087(2)(a)(l), Florida Statutes (2000). Here, the information charged that Henry “did knowingly own or be in the care, custody, possession or control of a firearm.” The jury returned a general verdict which found Henry “Guilty as charged [of] Possession of a Firearm by a Convicted Felon.” The State concedes that, contrary to the Bundrage requirement, the verdict does not indicate whether the possession was actual or constructive.
Henry filed a motion pursuant to Florida Rule of Criminal Procedure 3.800(b)(2), which raised two other grounds but did not present this argument. The State consequently argues that Henry has not preserved this issue for appeal. Since Henry’s notice of appeal was filed after the effective date of the amendments to the Florida Rules of Criminal Procedure, the State maintains that this court does not have jurisdiction to consider this sentencing error and cites Garrett v. State, 788 So.2d 328 (Fla. 4th DCA 2001), as support for its argument. The Garrett court concluded that even a fundamental sentencing error cannot be raised unless a postconviction 3.800(b) motion raising the same issue has been filed with the trial court.
*408 Garrett, however, is factually distinguishable from this case. At the time Henry filed his original 3.800(b)(2) motion, the basis for relief he now argues was not available as this court had not yet issued Bundrage. This is not a case where Henry could have raised the issue but failed to do so. However, now that the- case is before us, Bundrage identifies the error. Inasmuch as the State has conceded that the Bundrage error is involved, it is a more effective use of judicial resources to correct this error rather than to affirm and require Henry to file a new rule 3.800(b) motion with the trial court. Accordingly, we reverse the imposition of the three-year minimum mandatory enhancement sentence and remand for resentencing.
Reversed and remanded.
BLUE, C.J., and STRINGER, J., Concur.