PER CURIAM.
Appellant was sentenced as a prison re-leasee reoffender under section 775.082(9), Florida Statutes (2002). He also received a ten-year mandatory minimum sentence under section 775.087(2)(a)l., Florida Statutes (2002), because of the jury’s finding that he was in actual possession of a firearm during the commission of a robbery. In this direct appeal, appellant challenges the ten-year sentence.
Appellant failed to bring any sentencing error to the court’s attention either at sentencing or in a rule 3.800(b) motion to correct sentence. Therefore, this sentencing issue may not be reached on direct appeal. See Brannon v. State, 850 So.2d 452, 456 (Fla.2003); Reese v. State, 763 So.2d 537, 538-39 (Fla. 4th DCA 2000).
We affirm without prejudice for appellant to seek post-conviction relief on this sentencing issue. On the remaining point, we observe that no ineffectiveness of assistance of counsel is apparent on the face of the record. See Gore v. State, 784 So.2d 418, 437-38 (Fla.2001); Henley v. State, 719 So.2d 990 (Fla. 4th DCA 1998); Dennis v. State, 696 So.2d 1280, 1282 (Fla. 4th DCA 1997).
AFFIRMED.
FARMER, C.J., GROSS and TAYLOR, JJ., concur.