862 So.2d 955 (2004)
Troy THOMPSON, Appellant,
v.
STATE of Florida, Appellee.
No. 2D02-2613.
District Court of Appeal of Florida, Second District.
January 21, 2004.
*956 Victoria L. Bloomer of Escobar, Ramirez & Associates, P.A., Tampa, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Anne Sheer Weiner, Assistant Attorney General, Tampa, for Appellee.
SILBERMAN, Judge.
Troy Thompson appeals his sentences for robbery with a firearm and kidnapping with a firearm that were imposed on resentencing. Because the trial court erred in reclassifying the kidnapping offense and in imposing minimum mandatory sentences pursuant to section 775.087, Florida Statutes (Supp.1996), we reverse and remand for resentencing.
On March 3, 1997, the State charged Thompson and a co-defendant, Olendo Ulysius Murphy, in a single information with robbery with a firearm and armed kidnapping. With respect to the robbery charge, the information alleged that "in *957 the course of said robbery, TROY LANCE THOMPSON AND OLENDO ULYSIUS MURPHY carried a firearm." With respect to the kidnapping charge, the information alleged that "during the commission of said kidnapping, TROY LANCE THOMPSON AND OLENDO ULYSIUS MURPHY carried, displayed, used, threatened, or attempted to use a weapon, to wit: a firearm." Thompson and Murphy were tried separately, but one of the State's theories at Thompson's trial was that even if he was not the actual perpetrator of the crimes, he was guilty of the offenses as a principal.
During closing statements, the prosecutor argued that the jury had to find Thompson guilty of robbery with a firearm if Thompson intentionally and consciously assisted Murphy in committing the robbery, "even though he didn't possess the firearm that was held to Ms. Dae's head." The trial court instructed the jury, in part, as follows:
If the defendant helped another person or persons to commit a crime, the defendant is a principle [sic] and must be treated as if he had done all the things the other person or persons did if the defendant had a conscious intent that the criminal act be done and the defendant did some act or some word which was intended to and which did insight [sic], cause, encourage, assist or advise the other person or persons to actually commit the crime.
The verdict form reflects that the jury found Thompson "guilty of Robbery With a Firearm, as charged," and "guilty of Armed Kidnapping with a Firearm, as charged." However, the jury was not asked to determine whether Thompson actually or constructively used or possessed a firearm.
Section 775.087 provides:
(1) Unless otherwise provided by law, whenever a person is charged with a felony, except a felony in which the use of a weapon or firearm is an essential element, and during the commission of such felony the defendant carries, displays, uses, threatens, or attempts to use any weapon or firearm, or during the commission of such felony the defendant commits an aggravated battery, the felony for which the person is charged shall be reclassified as follows:
(a) In the case of a felony of the first degree, to a life felony.
....
(2) Any person who is convicted of a felony or an attempt to commit a felony and the conviction was for:
....
(c) Robbery; [or]
....
(h) Kidnapping;
....
and during the commission of the offense, such person possessed a "firearm" or "destructive device" as those terms are defined in s. 790.001, shall be sentenced to a minimum term of imprisonment of 3 years.
The scoresheet used for resentencing reflects that, pursuant to section 775.087(1), the armed kidnapping was reclassified and scored as a level ten, life felony, instead of a level nine, first-degree felony. The scoresheet also reflects that the robbery with a firearm was scored as a level nine, first-degree felony. The reclassification of the kidnapping and the scoring of both crimes, based on the involvement of a firearm, increased Thompson's guideline sentence range. Over Thompson's objections, the trial court sentenced Thompson to concurrent sentences of 129.25 months' imprisonment followed by twenty years' probation. Each sentence included *958 a three-year minimum mandatory term of imprisonment pursuant to section 775.087(2).
Thompson argues that the trial court erred in reclassifying the kidnapping offense, in scoring the offenses, and in imposing a minimum mandatory term of imprisonment because the jury did not find that he actually used or possessed a firearm. We agree.
It is well-established that "`[b]efore a trial court may enhance a defendant's sentence or apply the mandatory minimum sentence for use of a firearm, the jury must make a finding that the defendant committed the crime while using a firearm either by finding him guilty of a crime which involves a firearm or by answering a specific question of a special verdict form so indicating.'" State v. Overfelt, 457 So.2d 1385, 1387 (Fla.1984) (quoting Overfelt v. State, 434 So.2d 945, 948 (Fla. 4th DCA 1983)); see also State v. Hargrove, 694 So.2d 729, 730 (Fla.1997). The verdict must also reflect a "`clear jury finding'" that the defendant used a firearm before the defendant's sentence may be enhanced. Orjales v. State, 758 So.2d 1157, 1159 (Fla. 2d DCA 2000) (quoting Hargrove, 694 So.2d at 731).
Even if an information charges the use of a firearm, a verdict form that simply recites that the defendant is guilty as charged does not support reclassification of the crime under section 775.087(1) because there is no specific jury finding that the defendant used a firearm. See Toro v. State, 691 So.2d 576, 577 (Fla. 2d DCA 1997). Moreover, an "as charged" verdict will not support the imposition of a minimum mandatory sentence under section 775.087(2) when the verdict fails to reflect that the defendant was in actual, as opposed to constructive, possession of a firearm. Henry v. State, 834 So.2d 406, 407 (Fla. 2d DCA 2003).
The State argues that even in the absence of any reference to the use of a firearm on the face of the verdict, a guilty "as charged" verdict supports reclassification of the offense and the imposition of minimum mandatory sentences when the verdict refers to an information which charges the defendant with committing a crime while using a firearm. See Tucker v. State, 726 So.2d 768 (Fla.1999); Muldrow v. State, 842 So.2d 240 (Fla. 2d DCA 2003); Luttrell v. State, 513 So.2d 1298 (Fla. 2d DCA 1987). Under the circumstances of the present case, this argument fails for two reasons.
First, Tucker, Muldrow, and Luttrell involved individual defendants rather than multiple defendants. Here, the information jointly charged Thompson and Murphy with the use and possession of a firearm without specifying which of them actually used or possessed the firearm. The State argued to the jury and the trial judge instructed the jury that it could find Thompson guilty under the principal theory based upon Murphy's use and possession of a firearm. The "as charged" verdict does not clearly reflect that Thompson, as opposed to Murphy, used or possessed a firearm during the commission of the crimes. Because a finding of actual, rather than constructive, use or possession was required for the reclassification of the kidnapping offense and the imposition of the minimum mandatory sentences, we must reverse Thompson's sentences. See Henry, 834 So.2d at 407; Bundrage v. State, 814 So.2d 1133, 1134 (Fla. 2d DCA 2002); Toro, 691 So.2d at 577.
Second, in State v. Tripp, 642 So.2d 728, 730 (Fla.1994), the Florida Supreme Court addressed a situation involving a defendant who was found guilty of the "charges made against him in the Information." Tripp *959 had been charged with using a weapon during the commission of an attempted first-degree murder. Despite the reference to a weapon in the information, the supreme court concluded that the jury's finding was insufficient to support reclassification of Tripp's attempted first-degree murder conviction to a life felony. The court noted that "[t]he special verdict formnot allegations in an information indicates when a jury finds a weapon has been used." Id.; see also Harvey v. State, 865 So.2d 518, 2003 WL 22681373 (Fla. 2d DCA Nov.14, 2003); Orjales, 758 So.2d at 1159.
Accordingly, we reverse Thompson's sentences and remand for resentencing consistent with this opinion.
Reversed and remanded.
CASANUEVA and SALCINES, JJ., Concur.