[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

----------------------------------------

No. 04-13152
Non-Argument Calendar

----------------------------------------

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 29, 2005
THOMAS K. KAHN
CLERK

D. C. Docket No. 00-00513-CV-FTM-29-DNF

DERRICK ANTOINE POWELL,

Petitioner-Appellant,

versus

SECRETARY, DOC,

Respondent-Appellee.

----------------------------------------------------------------

Appeal from the United States District Court
for the Middle District of Florida

----------------------------------------------------------------

(April 29, 2005)

Before EDMONDSON, Chief Judge, TJOFLAT and DUBINA, Circuit Judges.

PER CURIAM:

Derrick Antoine Powell, a Florida prisoner serving a life sentence and two concurrent seven and a half years' sentences for first degree felony murder, armed robbery, and armed burglary, appeals pro se the district court's denial of his petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254. This appeal is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The district court granted a certificate of appealability (COA) on (1) whether Powell was denied his Fifth and Fourteenth Amendment right to a fair trial "when the State called three admittedly implicated witnesses to the stand for the purpose of having the witnesses take the Fifth Amendment in front of the jury"; and (2) whether the introduction of post-arrest confessions by Powell's codefendants against him violated the Confrontation Clause and required a new trial. No reversible error has been shown; we affirm.

## BACKGROUND

Powell was a juvenile charged as an adult for his participation in the shooting death of Emanuel Wooders during a robbery/burglary. Three

2

accomplices were charged separately as adults with the same crimes: the state planned to call each to testify in Powell's 1995 trial.  Defense counsel objected that calling a witness for the purpose of invoking his Fifth Amendment privilege was irrelevant and prejudicial.  The trial court took a proffer outside the jury's presence on each witness; and all three invoked their Fifth Amendment privilege. At the state's request, the trial court declared each accomplice unavailable as a witness.  The court then allowed, over objection, the prosecutor to call each accomplice in front of the jury to ask if he recalled the night that Mr. Wooders was shot.  Each accomplice exercised his Fifth Amendment privilege and was excused.

The state then sought to introduce portions of the post-arrest statements of two of the accomplices, and a portion of the guilty plea proffer of the third, under the declaration against penal interest exception to the rule against hearsay, Fla. Stat. Ann. § 90.804(2)(c).  Powell objected, among other things, that this violated his right to cross-examine adverse witnesses. The trial court admitted edited versions of the statements -- redacted to exclude references to Powell and plural pronouns -- through the testimony of a police officer. The jury convicted Powell; and the state appellate court affirmed Powell's convictions in 1998.  Powell v. State, 724 So. 2d 1207 (Fla. 2d Dist. Ct. App. 1998).

3

**DISCUSSION**

"We review <u>de novo</u> a district court's denial of a habeas petition under 28 U.S.C. § 2254." <u>Maharaj v. Sec'y for the Dep't of Corr.</u>, 304 F.3d 1345, 1348 (11th Cir. 2002). "Our review (and the district court's review) of a state court's decision in a habeas corpus case is governed -- and limited -- by 28 U.S.C. § 2254 as amended by AEDPA." <u>Hawkins v. Alabama</u>, 318 F.3d 1302, 1305 (11th Cir. 2003). Section 2254(d) provides

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.

28 U.S.C. § 2254(d)(1). The Supreme Court has stated that a state court decision is "contrary to" Supreme Court precedent if (1) "the state court applies a rule that contradicts the governing law set forth in our cases"; or (2) the state court confronts "a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from our precedent." <u>Williams v. Taylor</u>, 120 S.Ct. 1495, 1519-20 (2000). And a decision is an

4

"unreasonable application" of Supreme Court precedent "if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Lockyer v. Andrade, 123 S.Ct. 1166, 1174 (2003) (citation omitted). In other words, the state court's application of clearly established law "must be more than incorrect or erroneous": it must be "objectively unreasonable." Id.

Powell argues first that the state's calling of the three participants to the stand, in the presence of the jury and for the purpose of having them exercise their Fifth Amendment privilege against self-incrimination, allowed the jury to infer Powell's guilt as an accomplice from the refusals to testify.

The state court's allowing the three accomplices to exercise their Fifth Amendment privilege in front of the jury was not "contrary to" clearly established Federal law. Powell cites Namet v. United States, 83 S.Ct. 1151 (1963), to support his position. Namet was a case about a claim of evidentiary error where the prosecutor asked two witnesses incriminating questions, while knowing that the witnesses were prepared to invoke their privilege against self-incrimination. 83 S.Ct. at 1154. But the Court wrote that "[n]o constitutional issues of any kind [were] presented." Id. And Powell has cited a No Supreme Court case holding that a defendant's due process rights are violated when the government calls a

5

witness with the knowledge that the witness would invoke his Fifth Amendment privilege in front of the jury.  See Washington v. Crosby, 324 F.3d 1263, 1265 (11th Cir.), cert. denied, 124 S.Ct. 429 (2003) (stating that, where no Supreme Court precedent is on point, this Court cannot say that the state court's conclusion is contrary to clearly established Federal law as determined by the Supreme Court) (citation omitted).

And the state court did not unreasonably apply governing legal principles to the facts of this case.  The Namet decision discussed two theories under which lower courts had found error: (1) "prosecutorial misconduct, when the Government makes a conscious and flagrant attempt to build its case out of inferences arising from use of the testimonial privilege"; and (2) when "inferences from a witness' refusal to answer added critical weight to the prosecution's case in a form not subject to cross-examination, and thus unfairly prejudiced the defendant."  Namet 83 S.Ct. at 1154-55.

To the extent that the state's acts here in calling the accomplices may have amounted to prosecutorial misconduct, this by itself "does not raise a distinct constitutional issue."  Busby v. Holt, 781 F.2d 1475, 1476 (11th Cir. 1986) (noting that "in some egregious instances prosecutorial bad faith may in itself constitute a distinct due process violation," but that "the focus of the due process inquiry is on

6

the fairness of the trial, not the culpability of the prosecutor") (quotation and citation omitted).

And Powell has not shown prejudice by the prosecutor's conduct. Any inference of his involvement in the charged crimes merely was cumulative to the inferences raised by other evidence. See id. at 1477. This other evidence showed that Powell was with one or more of the accomplices before and after the shooting, that Powell admitted that he was at the Wooders' house and asked to use the phone, and that Mr. Wooders was shot after someone had asked to use the phone. And, the only question to which the accomplices invoked their privilege was whether they remembered the night that Mr. Wooders was shot: the state elicited neither repeated invocations of the privilege, nor invocations of the privilege in response to specific questions.

Powell argues second that the trial court's admission of the accomplices' statements violated his Confrontation Clause rights, citing Crawford v. Washington, 124 S.Ct. 1354 (2004). He asserts that the hearsay exception for declarations against penal interest is not a firmly rooted exception under Florida or Federal law and that the accomplices' statements lacked particularized guarantees of trustworthiness.

As the district court noted, under <u>current</u> Supreme Court precedent, the admission of these statements -- which were testimonial and which were admitted without the prior opportunity for Powell to cross-examine the declarants -- violated the Confrontation Clause. <u>See Crawford</u>, 124 S.Ct. at 1369 (stating that admission of out-of-court, testimonial statements is barred under the Confrontation Clause unless the witness is unavailable and the defendant had a prior opportunity to cross-examine the witness). But <u>Crawford</u> was not the clearly established Federal law when Powell's convictions were affirmed in 1998. <u>See Lockyer</u>, 123 S.Ct. at 1172. Powell points to no pre-<u>Crawford</u> Supreme Court case holding that a defendant's Confrontation Clause rights are violated by the admission of confessions from accomplices that <u>redacted</u> references to the defendant: the state court's admission of the statements was not contrary to clearly established Federal law.

And the state court's determination that the redacted statements were admissible was not an unreasonable application of clearly established Federal law. The applicable Supreme Court precedent at the time, <u>Ohio v. Roberts</u>, 100 S.Ct. 2531, 2539 (1980), allowed for the admission of the hearsay statement of an unavailable witness as long as the statement bore adequate "indicia of reliability."[1]

_____

[1] <u>Crawford</u> abrogated <u>Roberts</u>. <u>See Crawford</u>, 124 S.Ct. at 1370-74.

8

And reliability "can be inferred without more in a case where the evidence falls within a firmly rooted hearsay exception. In other cases, the evidence must be excluded, at least absent a showing of particularized guarantees of trustworthiness." Id.

The state court may have incorrectly admitted the statements under Roberts. State precedent prior to the affirmance of Powell's convictions strongly suggested that the "statement against penal interest" exception is not a firmly rooted hearsay exception. See Franqui v. State, 699 So. 2d 1312, 1319 (Fla. 1997).[2] But the admitted statements were not incriminating against Powell: any references to Powell or other codefendants were redacted. The state court's decision in admitting these statements was not objectively unreasonable. Cf. Douglas v. Alabama, 85 S.Ct. 1074, (1965) (opining that defendant's Confrontation Clause rights were violated when court admitted substance of codefendant's confession incriminating defendant, and confession was only direct evidence of guilt).

**AFFIRMED.**

---

[2] After Powell's convictions were affirmed, the Supreme Court determined, for Confrontation Clause purposes, that the declaration against penal interest exception was not a firmly rooted hearsay exception. See Lilly v. Virginia, 119 S.Ct. 1887, 1899 (1999).

9