939 So.2d 1081 (2006)
Mitchoun ALUSMA, Appellant,
v.
STATE of Florida, Appellee.
No. 4D05-263.
District Court of Appeal of Florida, Fourth District.
July 12, 2006.
Rehearing Denied November 9, 2006.
Carey Haughwout, Public Defender, Joseph R. Chloupek, Assistant Public Defender, West Palm Beach, and Mitchoun Alusma, South Bay, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Heidi L. Bettendorf, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Mitchoun Alusma appeals the denial of his rule 3.850 motion for post-conviction relief. Alusma argued, in part, that his trial attorney provided ineffective assistance of counsel by failing to object to the reclassification of his kidnapping convictions based on the use of a firearm pursuant to section 775.087, Florida Statutes (1993). He maintained that the convictions could not be reclassified as life felonies and that the court could not impose a mandatory minimum sentence for these convictions without the jury finding beyond a reasonable doubt that he actually possessed a firearm. See Thompson v. State, 862 So.2d 955 (Fla. 2d DCA 2004) (discussing State v. Overfelt, 457 So.2d 1385 (Fla.1984) and State v. Tripp, 642 So.2d 728 (Fla.1994)).
The information charged Alusma and his co-defendants with armed kidnapping, and the jury was instructed that it could convict him based on a principal theory. As a result, the jury's verdict does not necessarily reflect that Alusma was in actual possession of a firearm. See Thompson, 862 So.2d at 958.
*1082 On appeal, the state agrees that Alusma has stated a legally sufficient claim and that this case is essentially indistinguishable from Thompson.
Accordingly, we reverse and remand for the circuit court to vacate the firearm enhancement and re-sentence Alusma with a corrected scoresheet. The court shall also vacate the mandatory minimum sentences. By correcting the reclassification of the kidnapping convictions, claim three of Alusma's motion will be moot. We affirm the denial of claim one.
STONE, TAYLOR and HAZOURI, JJ., concur.