655 So.2d 166 (1995)
Luis A. MARTINEZ, Appellant,
v.
The STATE of Florida, Appellee.
Nos. 94-1073, 94-1310.
District Court of Appeal of Florida, Third District.
May 10, 1995.
*167 Luis A. Martinez, in pro. per.
Robert A. Butterworth, Atty. Gen., and Mark C. Katzef, Asst. Atty. Gen., for appellee.
Before BARKDULL, GERSTEN and GREEN, JJ.
BARKDULL, Judge.
Martinez was convicted of armed trafficking in cocaine over 400 grams, conspiracy to traffic in cocaine, unlawful possession of a firearm during the commission of a criminal offense, and carrying a concealed firearm. A trial was held, a jury found Martinez guilty on all counts, and this court affirmed. See Martinez v. State, 580 So.2d 894 (Fla. 3d DCA 1991). Martinez then filed a rule 3.850 motion alleging ineffective assistance of trial counsel. Martinez has also filed a writ of habeas corpus in this court alleging ineffective assistance of appellate counsel. This court consolidated those files, and by this opinion we address each of the issues raised by Martinez.

I
By writ of habeas corpus[1] Martinez argues that his appellate counsel was ineffective in that counsel failed to raise an issue on direct appeal regarding the propriety of a challenge for cause during jury selection. A timely objection must be made in order to preserve the propriety of a challenge for cause for appellate review. See Maxwell v. State, 443 So.2d 967, 970 (Fla. 1983). The record demonstrates that the alleged error was not preserved for appellate review. Martinez's appellate counsel simply cannot be deemed to have been ineffective for failing to raise an issue on direct appeal which was not preserved for appellate review. See King v. Dugger, 555 So.2d 355, 360 (Fla. 1990); McKinney v. Wainwright, 458 So.2d 1149 (Fla. 1st DCA 1984). Since Martinez's appellate counsel cannot be deemed to have been ineffective, Martinez's petition for writ of habeas corpus is hereby denied.

II
Martinez, by rule 3.850 motion, alleged that trial counsel was ineffective. Florida courts follow a four step test when evaluating claims of ineffective assistance of *168 counsel.[2]See Knight v. State, 394 So.2d 997 (Fla. 1981). When alleging ineffective assistance the pleader must demonstrate a specific act or omission by counsel which under the circumstances was so prejudicial that there is a substantial likelihood that it affected the outcome of the trial. Knight. When reviewing a claim for ineffective assistance of counsel strategic decisions made by trial counsel during the course of a trial will not be viewed in hindsight. Those decisions will only be considered in light of the totality of the situation at hand. Anderson v. State, 467 So.2d 781 (Fla. 3d DCA 1985).[3]
With the above principles in mind we address Martinez's allegations regarding his counsel's alleged ineffectiveness during jury selection. Martinez alleges that counsel was ineffective in that he failed to question some of the potential jurors. What appellant neglects to state is that the trial court conducted a preliminary voir dire of the panel, the state followed up on those questions, and then his codefendant's counsel conducted voir dire of the panel. As Martinez's counsel stated in the record, by the time he was able to ask questions of the potential jurors, all of the good questions had been asked. Counsel cannot be deemed ineffective in accepting the answers already given, he merely made a strategic decision which we will not disturb. Anderson.
Martinez argues that had his counsel objected to the make up of the jury, objected to the state's failure to set forth on the record reasons for challenges for cause, and objected to the state's use of peremptory challenges he would have prevailed. The test is not whether Martinez's counsel would have prevailed had he objected, but whether under the circumstances his counsel's failure to object was so prejudicial that he was denied a fair trial. Knight. Martinez makes no showing of prejudice in his counsel's failure to object to the make up of the jury, object to the state's challenges for cause, or object to state's exercise of peremptory challenges. In order to make a prima facie showing of ineffective assistance of counsel, Martinez must, at minimum, demonstrate some prejudice, Knight; Anderson, this he has not done.
Martinez alleges that two of the jurors seated were biased against him. In an attempt to meet the Knight standards Martinez alleges that statements made during voir dire by these jurors demonstrated their prejudice towards him. Having reviewed the transcript we find that Martinez's allegations are not borne out by the record. The statements complained of do not demonstrate prejudice towards appellant, in fact, most of the complained of remarks demonstrate an attitude which trial counsel may have considered beneficial to appellant.[4] Counsel clearly made a strategic decision which under the circumstances could be considered sound trial strategy. Anderson.
Martinez alleges that his counsel was ineffective for failing to request a jury instruction *169 on the permissive lesser included offense of simple possession. Martinez argues at length that according to the law his counsel was entitled to request such an instruction. Although Martinez may have been entitled to an instruction on simple possession, Amado v. State, 585 So.2d 282 (Fla. 1991), that is not the focus of this inquiry. The question for our review is whether his counsel's failure to request that instruction was so prejudicial that had the request been made the outcome of the trial would have been different. Knight; Anderson. Martinez does not allege any prejudice or show how a jury instruction on simple possession would have changed the outcome of the trial.[5] Martinez has failed to set forth a prima facie showing necessary to receive an evidentiary hearing on his ineffective assistance of counsel claim. Knight; Anderson.
Martinez next alleges that trial counsel was ineffective in that his trial counsel failed to include him at sidebar during the exercise of peremptory challenges. A review of the transcript indicates that Martinez was not present during the exercise of peremptory challenges. The examination, challenging, impanelling and swearing of the jury is an essential stage of the trial at which a defendant has a constitutional right to be present. Turner v. State, 530 So.2d 45 (Fla. 1987), cert. denied, 489 U.S. 1040, 109 S.Ct. 1175, 103 L.Ed.2d 237 (1989). Although this right may be waived and failure to include a defendant during the exercise of peremptory challenges is subject to a harmless error analysis, Turner, on the record before this court it can not be said that Martinez waived his right or that his exclusion was harmless. Consequently we return this issue to the trial court for an evidentiary hearing, pursuant to Turner, into the circumstances surrounding Martinez's exclusion from the challenging session.
Accordingly, Martinez's writ of habeas corpus is denied and the trial court's denial of Martinez's rule 3.850 motion is affirmed in part, reversed in part and remanded with directions.
Habeas corpus denied, rule 3.850 motion affirmed in part, reversed in part and remanded with directions.
NOTES
[1] Ineffective assistance of appellate counsel is properly raised by writ of habeas corpus. See Peri v. State, 458 So.2d 62 (Fla. 3d DCA 1984).
[2] Those four steps are:

First, the specific omission or overt act upon which the claim of ineffective assistance of counsel is based must be detailed in the appropriate pleading.
Second, the defendant has the burden to show that this specific omission or overt act was a substantial and serious deficiency measurably below that of competent counsel... .
Third, the defendant has the burden to show that this specific, serious deficiency, when considered under the circumstances of the individual case, was substantial enough to demonstrate a prejudice to the defendant to the extent that there is a likelihood that the deficient conduct affected the outcome of the court proceedings... .
Fourth, in the event a defendant does show a substantial deficiency and presents a prima facie showing of prejudice, the state still has an opportunity to rebut these assertions by showing beyond a reasonable doubt that there was no prejudice in fact....
Knight v. State, 394 So.2d 997, 1001 (Fla. 1981) (citations omitted).
[3] "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that under the circumstances, the challenged action `might be considered sound trial strategy.' See Michel v. Louisiana, 350 U.S. 91 at 101, 76 S.Ct. 158 at 164, 100 L.Ed. 83." Anderson, at 783.
[4] Mr. Porter may have been a close call but we are convinced that his selection played absolutely no part in the verdict because he was seated as an alternate juror and Martinez fails to allege that he took part in the deliberations of the jury.
[5] It is worth noting that the jury was given the opportunity to "exercise its pardon power," Amado, when the court instructed on the lesser included offenses of trafficking in less than 400 grams and trafficking in less than 200 grams. The jury declined that opportunity.