659 So.2d 444 (1995)
Edward G. ROBINSON a/k/a Elvis Myles, Appellant,
v.
STATE of Florida, Appellee.
No. 95-01234.
District Court of Appeal of Florida, Second District.
August 16, 1995.
*445 PER CURIAM.
Edward G. Robinson a/k/a Elvis Myles appeals the summary denial of his motion for postconviction relief. Of the seven grounds raised, five appear to have merit and necessitate the partial reversal of the order denying the motion.
A jury found Robinson guilty of two counts of robbery and one count of attempted robbery. The court imposed consecutive habitual offender sentences totalling seventy years of imprisonment.
It is asserted that trial counsel was ineffective, first, for failing to call the co-defendant, Marvin Brown, as a witness. Robinson indicates that had he been called, Brown would have testified that he was the perpetrator of the crimes, had pleaded guilty to the offenses, and that Robinson was not involved. Attached to the motion is an updated, notarized letter from Brown which supports Robinson's contentions. Further, the letter indicates that prior to Robinson's trial, Brown contacted Robinson's attorney and expressed his willingness to testify; however, counsel did not pursue the matter.
In the order denying the motion, the trial court conceded its inability to determine, in light of testimony given at trial by the three victims, whether the outcome would have been different if Brown had testified. This court has reviewed the unrefuted Statement of Facts contained in Robinson's initial brief on direct appeal wherein the victims are identified as three widows whose memories are "fuzzy" about the description of the perpetrator. Robinson was not apprehended at the scene of the crime, as was Brown, but was later located in the area by a police dog. When these factual allegations are considered in conjunction with Brown's proposed testimony, it appears that Robinson may have been prejudiced by the omission of the testimony.
Robinson has presented a facially sufficient motion alleging ineffective assistance of counsel for failure to investigate and to interview Brown as a potential witness by setting forth: (1) the identity of the prospective witness; (2) the substance of the witness' testimony; and (3) an explanation as to how the omission of this evidence prejudiced the outcome of the trial. See Highsmith v. State, 617 So.2d 825, 826 (Fla. 1st DCA 1993); Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Therefore, the trial court must conduct an evidentiary hearing to examine Robinson's allegations on this point.
Next, Robinson claims his trial counsel was ineffective for failing to object to the "unconstitutionally impanelled," all-white jury pool and to the systematic exclusion of minorities in the jury pool. The trial court does not address this issue, but incorrectly states that it was raised on appeal. The issue was not *446 raised on appeal because it was not preserved.[1]
Appellate counsel cannot be deemed ineffective for failing to raise an issue on appeal which has not been preserved; however, trial counsel may be found to be ineffective for failing to object to the state's actions during voir dire. Vento v. State, 621 So.2d 493, 495-96 (Fla. 4th DCA 1993). While Robinson does not specify how he was prejudiced, he does describe the actions of a prospective white juror who allegedly tainted the jury with racially biased statements. Robinson's allegations are facially sufficient. This issue must be addressed by the trial court.
Thirdly, Robinson asserts his counsel was ineffective for failing to object to the illegal imposition of consecutive habitual offender sentences for a single criminal episode. See Hale v. State, 630 So.2d 521 (Fla. 1993), cert. denied, ___ U.S. ___, 115 S.Ct. 278, 130 L.Ed.2d 195 (1994). In the order denying the motion, the trial court incorrectly states that this issue was determined adversely to Robinson in a previous motion to correct illegal sentence. This issue has been properly raised and must be addressed.[2]
Robinson next claims that counsel was ineffective for failing to independently determine if he qualified for treatment as a habitual offender. Robinson states that he informed counsel that the predicate convictions used to classify him as a habitual offender were not properly attributable to him; but were, in fact, those of his brother. Further, Robinson claims the habitual offender statute is unconstitutional.
Again, the trial court does not address this issue, but merely states that the sentences are not illegal and the legality of the sentence has been determined in the previous motion to correct illegal sentence. While the present order states that the predicate offenses were non-violent and were not affected by the unconstitutional amendment to the statute, the court fails to attach documentation to support this holding. On remand, the trial court must demonstrate that the three robberies were not part of a single criminal episode and that the consecutive habitual offender sentences were properly imposed.
Last, Robinson claims that counsel was ineffective for failing to object to the prosecutor's alleged misconduct during cross-examination in commenting on his silence. In response to this allegation, the trial court indicates that the comment occurred during cross-examination, after the defendant voluntarily took the witness stand. It is asserted that an objection would not have been proper as the state was merely questioning Robinson about his testimony. The court's conclusion is not supported by documentation. On remand, if the court determines it should again deny this ground of error, it must attach the portion of the record which demonstrates that the cross-examination was properly conducted.
Accordingly, the order denying the motion for postconviction relief is reversed as to the grounds of error discussed above. On remand, the court shall conduct an evidentiary hearing to determine if counsel was ineffective for failing to call the co-defendant to testify. Further, unless the case files and records conclusively demonstrate that Robinson is not entitled to relief as to the other four grounds discussed, the court must conduct further proceedings, which may include an evidentiary hearing, to determine the merits thereof. If the court again concludes that summary denial is proper, it must attach to its order those portions of the case file and record which demonstrate that Robinson is *447 entitled to no relief. In all other respects the order denying the motion is affirmed.
Reversed in part, affirmed in part, and remanded.
RYDER, A.C.J., and PARKER and LAZZARA, JJ., concur.
NOTES
[1] There was no objection to the venire and, therefore, appellate counsel could not raise this issue. See Martinez v. State, 655 So.2d 166 (Fla. 3d DCA 1995); see also Thompson v. State, 548 So.2d 198, 200 (Fla. 1989) (party alleging "group bias" is the reason for peremptory challenges must make a timely objection).
[2] The sentence is properly challenged in a motion for postconviction relief as it is not facially illegal, therefore, an evidentiary hearing is necessary to determine if the crimes were committed in a single episode. See Callaway v. State, 642 So.2d 636 (Fla. 2d DCA 1994), approved, 658 So.2d 983 (Fla. 1995); Poole v. State, 659 So.2d 309 (Fla. 1st DCA 1994); Booker v. State, 641 So.2d 903 (Fla. 1st DCA 1994).