778 So.2d 369 (2001)
William FARNBAUGH, Appellant,
v.
STATE of Florida, Appellee.
No. 2D00-3320.
District Court of Appeal of Florida, Second District.
January 17, 2001.
*370 PER CURIAM.
William Farnbaugh appeals the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. Farnbaugh was convicted of kidnapping, aggravated battery, and sexual battery in 1997. He was sentenced to life in prison on the kidnapping conviction to be followed by a consecutive fifteen-year sentence for the battery conviction and a consecutive thirty-year sentence for the sexual battery conviction. He timely filed the instant motion alleging that his trial counsel was ineffective in numerous regards. We reverse the trial court's summary denial as to two of Farnbaugh's claims but otherwise affirm the trial court's order.
Farnbaugh first alleges that counsel effectively deprived him of his right to testify. Specifically, Farnbaugh states that although counsel properly advised him that it was his decision whether or not to testify, counsel threatened to withdraw if Farnbaugh took the stand and denied that he had committed the crimes. According to Farnbaugh, counsel made this threat based upon his personal belief derived from the victim's testimony that Farnbaugh was guilty and not based upon any actual knowledge that Farnbaugh intended to commit perjury. Farnbaugh further alleges that counsel told him that if he withdrew from the case, the State would be able to call him to testify in rebuttal against Farnbaugh.
The trial court denied this claim finding that it was conclusively refuted by the colloquy that occurred between the court and Farnbaugh during trial. Prior to the defense resting its case, the trial court advised Farnbaugh that the decision whether to testify was his alone. Farnbaugh indicated that, at that time, he intended to follow counsel's advice not to testify. We cannot agree with the trial court that this exchange conclusively refutes Farnbaugh's sworn allegation that he *371 made his decision based upon erroneous advice and threats made by counsel. The statement made by the court to Farnbaugh in no way refutes the statements allegedly made by counsel nor does Farnbaugh's statement that he is going to follow counsel's advice in any way show that he knew it to be erroneous.
If Farnbaugh's statements are true, and counsel simply believed Farnbaugh to be guilty based on the victim's testimony, then counsel would not have been permitted to withdraw on this basis nor to offer this opinion in rebuttal against Farnbaugh. Cf. Fla. Bar Code Prof. Resp. D.R. 4 3.3(a)(4), cmt. (providing that a lawyer may not permit a client, including a criminal defendant, to offer testimony that the lawyer knows to be false and has a duty to take appropriate remedial measures if the client does offer perjured testimony).
Because counsel's threat to withdraw was improper under the circumstances as alleged by Farnbaugh, we conclude that Farnbaugh's motion is facially sufficient to show error by counsel. See Wilson v. State, 647 So.2d 185 (Fla. 1st DCA 1994) (holding claim that counsel threatened to withdraw if defendant insisted on testifying was facially sufficient to show that counsel improperly deprived defendant of his right to testify).[1] We also conclude that Farnbaugh has adequately alleged prejudice. Farnbaugh states that he would have testified that the victim (his then girlfriend) accompanied him voluntarily and had a consensual sexual encounter with him and that he only hit her in self-defense when she repeatedly bit his penis. According to Farnbaugh, the only evidence presented against him at trial was the victim's testimony and some limited physical evidence which was equally consistent with his version of the events. Because Farnbaugh has adequately alleged a facially sufficient claim which is not refuted by the record, we reverse and remand this claim for an evidentiary hearing.
Farnbaugh next alleges that counsel erred in failing to depose or call the nurse who examined him at the jail to testify to his injuries. Failure to call a witness may state a facially sufficient claim for relief. See Robinson v. State, 659 So.2d 444 (Fla. 2d DCA 1995). Although Farnbaugh's claims on this issue are less than artfully drafted, we believe that he has alleged sufficient facts to show both an unreasonable failure by counsel and prejudice.
According to Farnbaugh, his encounter with the victim was entirely consensual until she began repeatedly biting his penis and he was forced to hit her in order to make her stop. It appears that the victim testified that she bit Farnbaugh's penis in an attempt to escape from him while he was committing the sexual battery on her. Farnbaugh's counsel presented jail medical records showing that Farnbaugh had bite marks on his penis. Counsel did not however call the nurse who had examined Farnbaugh to testify. According to Farnbaugh, the State was able to substantially discredit the medical records by eliciting from the records' custodian that the phrase "bite marks" in the report might refer to a single bite rather than multiple bites and that the report's conclusion that the marks were caused by biting might have been based solely on the defendant's statements to the examining nurse rather than a medical opinion that the marks were caused by biting. Farnbaugh further alleges that the examining nurse could have testified that there were actually multiple bite marks on his penis as well as identifying the marks as having been caused by a bite.
The trial court denied this claim (which Farnbaugh actually addressed in his motion *372 in claims 2 and 11) finding that Farnbaugh was not prejudiced by this omission because the information that the nurse would have testified to was only speculative and not relevant to a material fact or defense. At least based on the limited record before this court, we cannot agree. Farnbaugh alleges that the nurse's testimony would have not only supported his version of the events but contradicted the victim's testimony. In a case such as this that appears to be largely a credibility contest, physical evidence supporting the defense theory would be crucial. While the introduction of the medical records alone might have been sufficient under some circumstances, we conclude that they were not an adequate substitute for the nurse's testimony in this case in light of their apparent lack of specificity and the State's ability to discredit them. We therefore reverse the summary denial of this claim as well. On remand, the trial court may again summarily deny this claim only if it is conclusively refuted by the record.[2] Otherwise an evidentiary hearing will be necessary as to this claim as well.
Although we affirm the remainder of the trial court's order, we write to explain our basis for doing so as to one of Farnbaugh's claims which we believe is facially insufficient but was denied on an improper basis. Farnbaugh alleges that when counsel conveyed the State's pretrial offer of ten years' prison, counsel misadvised him of the maximum sentence that he could receive if convicted. Specifically Farnbaugh alleges that counsel advised him only of the maximum guidelines sentence and did not advise him that he could receive a greater sentence as a habitual offender (which Farnbaugh in fact received).
The trial court denied this claim finding that counsel had no obligation to advise Farnbaugh of possible habitual offender penalties. We cannot agree. See, e.g., Ashley v. State, 614 So.2d 486 (Fla. 1993) (holding that prior to imposing a habitual sentence on a plea, the court must confirm that the defendant is personally aware of the possibility and reasonable consequences of habitualization). We affirm the trial court's denial of this claim however because the claim is facially insufficient in that Farnbaugh does not allege that he would have accepted the offer had he known of the true maximum sentence he faced. See, e.g., Wilson, 647 So.2d at 186 (holding that in order to state a facially sufficient claim of ineffective assistance of counsel for failing to convey a plea offer, defendant must allege that if adequately advised he would have accepted the offer).
We affirm the remainder of the trial court's order without comment.
Affirmed in part; reversed in part; and remanded.
FULMER, A.C.J., and STRINGER and DAVIS, JJ., concur.
NOTES
[1] In Wilson, 647 So.2d at 186, the court also held that the defendant need not demonstrate prejudice. This part of the holding is no longer good law. See Oisorio v. State, 676 So.2d 1363 (Fla.1996).
[2] We decline to simply direct an evidentiary hearing on this claim, because unlike Farnbaugh's first claim, there may be record materials which refute this one.