CANADY, Judge.
Jose Luis Rangel-Pardo challenges the summary denial of his motion for postcon-viction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. In his motion, Rangel-Pardo raised three grounds for relief. Because he makes a facially sufficient claim alleging ineffective assistance of counsel for failure to investigate and to interview a potential witness, we reverse and remand on ground one. We affirm on grounds two and three without comment.
In Robinson v. State, 659 So.2d 444, 445 (Fla. 2d DCA 1995), this court held that a facially sufficient motion alleging ineffective assistance of counsel for failure to investigate and to interview a potential witness should set forth the following: “(1) the identity of the prospective witness; (2) the substance of the witness’ testimony; and (3) an explanation as to how the omission of this evidence prejudiced the outcome of the trial.” In his motion, Rangel-Pardo alleged that counsel failed to investigate Ms. Summer, the roommate of Ms. Jane Cook, a witness for the State. Ran-gel-Pardo further alleged that counsel knew or should have known that Ms. Summer could give testimony relevant to his defense. Ms. Jane Cook testified that Ms. Summer was also a witness to the incident. Rangel-Pardo alleged that Ms. Summer actually witnessed more of the incident than Ms. Cook and that Ms. Summer would have testified that one of the victims “came at” one of the defendants with a broken bottle, that another of the victims attacked one of the defendants with a baseball bat, and that a gun was fired from the house next door by a third man. Ran-gel-Pardo alleged that he was prejudiced by the omission of this evidence because his defense at trial was self-defense and this testimony would have assisted his defense.
In its order denying his motion, the trial court found that Rangel-Pardo was merely speculating that counsel was aware of Ms. Summers prior to trial and also speculating as to what her testimony would have been. The trial court supports its conclusion that Rangel-Pardo’s allegations were facially insufficient by a citation to the statement in Bruno v. State, 807 So.2d 55, 67 (Fla.2001), that “[m]ere speculation regarding possible error is not enough to satisfy Strickland.”[1] Bruno, however, does not support the trial court’s conclusion. Bruno’s statement concerning “mere speculation” is an assessment of particular evidence adduced at an eviden-tiary hearing. There is nothing in Bruno suggesting that a motion seeking postcon-viction relief for trial counsel’s ineffective assistance in failing to investigate a prospective witness must set forth the specific basis for the movant’s knowledge of the allegations made in the motion. Nor does Robinson set forth such a requirement. Cf. Highsmith v. State, 617 So.2d 825, 826 (Fla. 1st DCA 1993) (“Our research has disclosed no authority for the state’s assertion that ... the defendant must provide specific details concerning the source of the [prospective] witness’s information and the reasons the witness would testify in the manner specified.”).
*21 Rangel-Pardo’s claim on this ground is facially sufficient under Robinson. We therefore reverse the order of the trial court on ground one and remand for an evidentiary hearing.
Affirmed in part; reversed and remanded in part.
ALTENBERND, C.J., and FULMER, J., Concur.

. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).