PER CURIAM.
Appellant Larry Bush appeals the trial court’s summary denial of his rule 3.850 motion. Bush argues the trial court erred in summarily denying his rule 3.850 motion as he entered his guilty plea based on erroneous advice of counsel. We reverse and remand for further proceedings.
“To establish a claim that defense counsel was ineffective, a defendant must establish deficient performance and prejudice, as set forth in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).” Zakrzewski v. State, 866 So.2d 688, 692 (Fla.2003).
As to the first prong, deficient performance, a defendant must establish conduct on the part of counsel that is outside the broad range of competent performance under prevailing professional standards. Second, as to the prejudice prong, the deficient performance must be shown to have so affected the fairness and reliability of the proceedings that confidence in the outcome is undermined.
Id. (internal citations omitted).
“A trial attorney’s failure to investigate a factual defense or a defense relying on the suppression of evidence, which results in the entry of an ill-advised plea of guilty, has long been held to constitute a facially sufficient attack upon the conviction.” Williams v. State, 717 So.2d 1066, 1067 (Fla. 2d DCA 1998). “However, in order to establish the prejudice prong of Strickland the defendant ‘must show that there is a reasonable probability that, but for counsel’s errors, he would not have pleaded guilty and would have insisted on going to trial.’ ” Zakrzewski, 866 So.2d at 694 (quoting Hill v. Lockhart, 474 U.S. 52, 57, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985)).
In this case, Bush argues he would not have entered a plea of no contest had defense counsel told him he could file a successful motion for suppression of his statements to the police rather than telling him no defense would be successful at trial. Bush alleges he asked to speak with an attorney and his mother[1] prior to being questioned by the police and that the police failed to honor this request. There is no evidence found in the record refuting Bush’s assertion that trial counsel represented that no defense at trial would be successful. Without the benefit of an evi-dentiary hearing, it is impossible to determine whether Bush’s assertions are true. In Zakrzewski, a case similar to the instant case, trial counsel testified as to why he did not file a motion to suppress at an evidentiary hearing on the defendant’s rule 3.850 motion. 866 So.2d at 694. In this case, there is no evidence showing the *183 decision not to file a suppression motion was a strategy call or that defense counsel thought it would be futile to file a suppression motion. If there was no good reason for defense counsel’s failure to file the motion, counsel’s action constitutes deficient performance sufficient to satisfy the first prong of Strickland.
Further, as no evidentiary hearing was held below, this court must accept as true the factual allegations “to the extent they are not refuted by the record.” McLin v. State, 827 So.2d 948, 954 (Fla.2002) (citing Foster v. State, 810 So.2d 910, 914 (Fla.), cert. denied, 537 U.S. 990, 123 S.Ct. 470, 154 L.Ed.2d 359 (2002) (citations omitted)). This includes Bush’s assertion that had counsel advised him of a possibly successful motion to suppress, he would not have entered a plea, but would have gone to trial instead. This satisfies the prejudice prong of Strickland.
We reverse and remand the trial court summary denial of Bush’s rule 3.850 claim for either an evidentiary hearing, or attachment of those portions of the record which conclusively refute his claims.
STONE, POLEN and GROSS, JJ., concur.

. Bush was a juvenile at the time of these offenses.