NORTHCUTT, Judge.
Lindsey Smith pleaded no contest to charges arising from two carjacking incidents. She did not appeal the convictions based on her pleas, but she did file a timely motion pursuant to Florida Rule of Criminal Procedure 3.850. She claimed that her counsel was ineffective for three reasons: (1) she failed to investigate and prepare a defense based on battered spouse syndrome; (2) she failed to interview witnesses who would have supported that defense; and (3) she did not seek a downward departure based on mitigating circumstances. The postconviction court summarily denied Smith’s motion. We agree that the third ground had no legal merit and we affirm as to it. But we reverse the court’s summary denial of the other two claims.
*861 Smith’s motion alleged that her boyfriend beat her on a regular basis, held her at gunpoint, threatened her with death, and verbally assaulted her. She claimed that the boyfriend forced her to commit the carjackings by duress in the form of threats on her life and the lives of her family members if she didn’t cooperate in his criminal plans. Smith claimed that the witnesses identified in ground (2) would have supported a battered spouse defense.
The postconviction court correctly determined that a defense based on battered spouse syndrome would not have applied to Smith’s case. That syndrome has been used in Florida as a defense to crimes committed against the batterer. And, as courts have noted, that may be the only situation in which it applies. See Slater v. State, 915 So.2d 618, 621 (Fla. 5th DCA 2005) (“[T]he victim was not [the] allegedly abusive husband but was a friend and innocent victim ..., thus rendering the defense of Battered Spouse Syndrome problematical at best.”). The victims of Smith’s crimes were the blameless drivers of the vehicles she carjacked, not her abusive boyfriend.
Although Smith incorrectly referred to a battered spouse defense, her assertion that she was “forced to commit these crimes under the direction and duress of her boyfriend” actually described a defense of duress. Because of Smith’s unartful pleading, the postconviction court denied claims (1) and (2) solely on the ground that battered spouse syndrome did not apply; the court did not address whether counsel had investigated a duress defense or interviewed witnesses who could have supported that defense. See Reese v. State, 869 So.2d 1225, 1227 (Fla. 2d DCA 2004) (holding the postconviction court’s failure to address allegations of duress in a rule 3.850 motion required reversal). The allegations in ground (1) of Smith’s motion are facially sufficient to support a possible duress defense. See Driggers v. State, 917 So.2d 329, 331 (Fla. 5th DCA 2005) (listing elements of duress defense and citing Florida Standard Jury Instructions (Crim.) 3.6(k)). And the allegations in ground (2) are facially sufficient to support an allegation of ineffectiveness based on a failure to interview .witnesses. See Rangel-Pardo v. State, 879 So.2d 19, 20 (Fla. 2d DCA 2004) (stating allegations necessary to plead a facially sufficient claim of ineffective assistance for failing to investigate witnesses).
We reverse the summary denial of grounds (1) and (2) in Smith’s rule 3.850 motion because the postconviction court did not address the duress defense and did not attach documents that conclusively refuted Smith’s claims. We remand for further proceedings. If documents of record do refute the claims, the court may again summarily deny these grounds. Otherwise, the postconviction court must hold an evidentiary hearing.
Affirmed in part, reversed in part, and remanded.
SILBERMAN, C.J., and MORRIS, J., Concur.