SUAREZ, J.
Derrick McPhee appeals from his conviction and sentence, following a jury trial, for two counts of sexual activity with a child by a person in custodial authority, and two counts of unlawful sexual activity with a minor. We affirm.
McPhee was charged with having sexual contact with a 17-year-old girl at a school for mentally challenged children while employed as a teachers’ aide at the school. McPhee admitted to police during a post-Miranda interview that he had sexual contact with the victim. He later recanted his confession, alleging that it was coerced. On appeal, the defendant raises four issues, none of which have merit.
McPhee first claims that the trial court committed fundamental error by not striking the entire jury panel, after one potential juror commented during the trial court’s voir dire that she thought the defendant looked like someone who had molested her younger sibling years earlier.[1] McPhee attempts to characterize the one venire member’s passing comment as so thoroughly poisonous that the entire panel should have been stricken by the trial court. The defense, however, never objected at the time of the comment, and never moved to strike the panel once jury selection was complete.[2] Having reviewed the transcript, and reading the comment in context, it is clear that the defendant was never implicated as the person who had committed the offense years earlier. Jury selection was uneventful, proceeded without any argument, and the jury was chosen and sworn without objection. We find this issue to be without merit. See Carratelli v. State, 961 So.2d 312, 318 (Fla.2007) (holding that preservation of a challenge to a potential juror requires more than one objection, and the objecting party must renew and preserve the objection before the jury is sworn); see also Trotter v. State, 576 So.2d 691, 693 (Fla.1990) (noting that these requirements exist so that “[t]he defendant cannot stand by silently while an objectionable juror is seated and then, if the verdict is adverse, obtain a new trial”); Martinez v. State, 655 So.2d 166 (Fla. 3d DCA 1995) (finding no prejudice where counsel failed to object to perceived juror bias, where record revealed no bias).
The defendant next accuses the prosecutor of misconduct when, in closing *1139 argument, he once referred to the defendant as a pedophile.[3] The defense did not object, and thus McPhee attempts to characterize the comment as fundamental error. Spencer v. State, 842 So.2d 52 (Fla.2008) (holding that in order for an error to be fundamental and justify reversal in the absence of a timely objection, the error must reach down into the validity of the trial itself to the extent that a verdict of guilty could not have been obtained without the assistance of the alleged error). The prosecutor made the comment following a review of the facts, which set forth the defendant’s sexual encounter with the young mentally-handicapped girl. The prosecutor only used the word once.[4] The defendant has not shown that the one, isolated comment resulted in prejudice sufficient to undermine the outcome of the case. We conclude that it is not fundamental error.
McPhee next asserts that the trial court erred by disallowing evidence of the victim’s prior false accusations of sexual abuse. The defense sought to introduce this evidence to show the victim’s prior sexual knowledge. The trial court properly disallowed the evidence. Section 90.405(2), Florida Statutes (2008), provides that, “[w]hen character or a trait of character of a person is an essential element of a charge, claim, or defense, proof may be made of specific instances of that person’s conduct.” Here, the victim’s character was not an essential element of the defense or charge. See Pantoja v. State, 59 So.3d 1092, 1097 (Fla.2011) (holding that statute governing use of criminal convictions for impeachment does not permit impeachment of a witness with evidence of a prior accusation that did not result in a criminal conviction). Because a trial judge’s ruling on the admissibility of evidence will not be disturbed absent abuse of discretion, we affirm the trial court’s decision. See id. at 1092.
Finally, the defendant claims that the trial court erred by failing to suppress his confession made on February 14, 2007. He alleges that his confession was coerced. The transcript of the interview belies that allegation. After hearing testimony from the interviewing detective and from the defendant, the trial court expressed its reasons for denying the motion to suppress, including that the defendant repeatedly acknowledged that he committed the offense, that he understood his rights, and that the statements he gave were freely and voluntarily made. The record conclusively supports the trial court’s decision to deny the defendant’s motion to suppress, and we find no abuse of discretion.
Affirmed.

. At the conclusion of the voir dire, this veni-reperson was excused and did not serve as a juror in the case.

. In fact, during his voir dire, defense counsel followed up with additional questions of this prospective juror. Through his questioning, defense counsel dispelled any notion that the juror believed McPhee and this other individual were the same person.

. The quotation begins: "Today is the day that this defendant is held accountable for his pedophilia, ...”

. Although this comment was clearly improper. See Hudson v. State, 820 So.2d 1070 (Fla. 5th DCA 2002).