NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


ROBERT FORTE,                          )
                                       )
          Appellant,                   )
                                       )
v.                                     )          Case No. 2D15-915
                                       )
STATE OF FLORIDA,                      )
                                       )
          Appellee.                    )
                                       )
_____   )

Opinion filed April 20, 2016.

Appeal from the Circuit Court for
Hillsborough County; Kimberly K.
Fernandez, Judge.

Robert Forte, pro se.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Lisa Martin, Assistant
Attorney General, Tampa, for Appellee.


BLACK, Judge.

          Robert Forte challenges the denial of his motion for postconviction relief

filed pursuant to Florida Rule of Criminal Procedure 3.850.  Of the nine claims Forte

raises on appeal, we find merit in two.

Forte was found guilty of robbery with a firearm, carjacking with a firearm, carrying a concealed firearm, possession of a firearm on school property, fleeing and attempting to elude a police officer, and obstructing or opposing an officer without violence. He was sentenced to life in prison with a ten-year minimum mandatory term on the robbery and carjacking convictions, to ten years as a habitual felony offender on the carrying, possession, and fleeing convictions, and to time served on the obstructing conviction. This court affirmed his judgment and sentences. Forte v. State, 65 So. 3d 521 (Fla. 2d DCA 2011) (table decision).

In his first and fifth issues Forte argued that his trial counsel was ineffective for failing to request a continuance in order to depose Forte's codefendant and in failing to call Forte's codefendant as a witness at trial. The postconviction court ordered a response from the State. The State attached the hearing transcript from the codefendant's motion for postconviction relief where Forte's codefendant testified that on the night in question he blacked out and did not recall the events.

Although the postconviction court attached the transcript from the codefendant's hearing to the order denying Forte's claims, that transcript was not part of Forte's record and the postconviction court erred in relying on it to deny the claims. See Ciambrone v. State, 128 So. 3d 227, 232 (Fla. 2d DCA 2013) ("[T]he postconviction court could not rely on the transcript of Joseph Ciambrone's trial to summarily deny relief [in Heather Ciambrone's case]."); Cintron v. State, 504 So. 2d 795, 796 (Fla. 2d DCA 1987) (holding that the phrase "files and records" as used in rule 3.850 excludes matters outside the official court record); see also Maddry v. State, 649 So. 2d 334, 335 (Fla. 1st DCA 1995) ("The affidavit of a single witness, which was not a part of the

record at the time the motion was filed, cannot be employed to refute Maddry's claims of ineffective assistance of counsel, or to obviate the necessity of an evidentiary hearing."); Havis v. State, 555 So. 2d 417, 418 (Fla. 1st DCA 1989) ("The phrase 'files and records' does not include factual affidavits presented to the court after the motion has been filed. Rather, this affidavit raises a new factual matter which must be considered at an evidentiary hearing on the motion.").

The State argues that because the codefendant had not been sentenced when Forte proceeded to trial the codefendant could have invoked his Fifth Amendment right. However, nothing in the limited record before us supports the State's contention.

We reverse the summary denial of claims one and five and remand for the postconviction court to either attach documents that are properly before it and that conclusively refute Forte's allegations or hold an evidentiary hearing on these issues. See Ciambrone, 128 So. 3d at 232. We affirm without comment the denial of Forte's remaining claims.

Affirmed in part; reversed in part; remanded.


KHOUZAM and SALARIO, JJ., Concur.