IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

JULIUS ERWING BLACK,

        Appellant,

 v.

Case No.  5D16-1952

STATE OF FLORIDA,

        Appellee.

_____/

Opinion filed October 28, 2016

3.850 Appeal from the Circuit
Court for Citrus County,
Richard A. Howard, Judge.

Julius Erwin Black, Wewahitchka, pro se.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Samuel Perrone,
Assistant Attorney General, Daytona
Beach, for Appellee.


PER CURIAM.

      Julius Black appeals the summary denial of his motion for postconviction relief filed

pursuant to Florida Rule of Criminal Procedure 3.850.  We affirm as to Grounds One

through Six and Eight through Ten.  However, because the record does not conclusively

refute Black's claim that counsel was ineffective for failing to call co-defendant, Philip

Snead, as a witness, we reverse the summary denial of Ground Seven and remand for

attachment of portions of the record conclusively refuting that claim or for an evidentiary hearing.[1]  See Freeman v. State, 761 So. 2d 1055, 1061 (Fla. 2000) ("[A] defendant is entitled to an evidentiary hearing on a postconviction relief motion unless (1) the motion, files, and records in the case conclusively show that the prisoner is entitled to no relief, or (2) the motion or a particular claim is legally insufficient." (citing Maharaj v. State, 684 So. 2d 726 (Fla. 1996))).

AFFIRMED in part, REVERSED in part, and REMANDED.

PALMER, COHEN, and BERGER, JJ., concur.

---

[1] The trial court noted in its order that Snead was a co-defendant facing the same charges and awaiting trial at the time Black went to trial; however, there is nothing in the record that demonstrates Snead's charges were pending or that Snead invoked his Fifth Amendment right against self-incrimination.  See Echevarria v. State, 976 So. 2d 84, 85 (Fla. 3d DCA 2008); see also Forte v. State, 189 So. 3d 1043, 1044 (Fla. 2d DCA 2016).