IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

JULIUS ERWIN BLACK,

      Appellant,

 v.                                     Case No.  5D16-4327

STATE OF FLORIDA,

      Appellee.

_____/

Opinion filed April 28, 2017

3.850 Appeal from the Circuit Court
for Citrus County,
Richard A. Howard, Judge.

Julius Erwin Black, Wewahitchka, pro se.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Samuel Perrone,
Assistant Attorney General, Daytona
Beach, for Appellee.


PER CURIAM.

      Julius Erwin Black appeals the trial court's summary denial of his Florida Rule of

Criminal Procedure 3.850 motion for postconviction relief. Because the trial court lacked

jurisdiction to rule on the motion, we reverse.

      In March 2016, Black filed a rule 3.850 motion raising nine claims of ineffective

assistance of counsel, which the trial court summarily denied on all grounds. He appealed

the summary denial in case number 5D16-1952. Black then filed two successive motions to amend his original 3.850 motion, which the trial court denied. He appealed these denials in case number 5D16-3695.

Our court first ruled on Black's appeal of the summary denial (5D16-1952), affirming all claims except claim 7, in which Black argued trial counsel provided ineffective assistance by not calling his co-defendant, Phillip Snead, as a defense witness. Black v. State, 202 So. 3d 466, 467 (Fla. 5th DCA 2016). We reversed the denial of claim 7 and remanded for the trial court to attach records conclusively refuting the claim or to hold an evidentiary hearing. Id. On remand, the trial court entered a new order, once more summarily denying claim 7. Black then filed the instant appeal, with his second appeal (5D16-3695) still pending.[1]

We find that the trial court lacked jurisdiction to consider claim 7 of Black's rule 3.850 motion on remand while his appeal in case number 5D16-3695 remained pending. Generally, "a trial court has authority to consider or to defer ruling and stay a subsequently filed postconviction motion that raises unrelated issues notwithstanding the pendency of an appeal of an order on a previously filed postconviction motion." Jackman v. State, 88 So. 3d 325, 327 (Fla. 4th DCA 2012). However, "if the subsequent motion raises the same or related issues to those on appeal, the trial court may not consider the merits while the related appeal is pending." Id. Here, the trial court lacked jurisdiction to consider claim 7 on remand because Black's pending appeal in case number 5D16-3695 also concerned the merits of claim 7. Accordingly, we reverse the trial court's summary denial of claim 7

---

[1] Our court has since ruled on this appeal.

and remand with instructions to consider that claim in conjunction with the second motion to amend.

REVERSED and REMANDED with Instructions.

SAWAYA, BERGER and WALLIS, JJ., concur.