IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

ORBARY MCKINNON,

      Appellant,

 v.                                   Case No.  5D16-3167

STATE OF FLORIDA,

      Appellee.

_____/

Opinion filed June 9, 2017

3.850 Appeal from the Circuit
Court for Citrus County,
Richard A. Howard, Judge.

Deana K. Marshall, of Law Office of Deana
K. Marshall, P.A., Riverview, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Douglas T. Squire,
Assistant Attorney General, Daytona
Beach, for Appellee.

PER CURIAM.

Orbary McKinnon (the defendant) appeals the trial court's order summarily denying his "Motion for Post-Conviction Relief, Newly Discovered Evidence," filed pursuant to rule 3.850 of the Florida Rules of Criminal Procedure. We reverse and remand for the trial court to conduct an evidentiary hearing.

The defendant filed the instant rule 3.850 motion seeking post-conviction relief based on newly-discovered evidence. In support of his motion, the defendant attached an affidavit from his co-defendant, Norman Lockley, stating that the defendant had not participated in the underlying drug offenses. The trial court summarily denied the motion, concluding that Lockley's recantation was not credible and would not have produced an acquittal on retrial. This appeal followed.

The defendant contends that the trial court erred in denying his motion without conducting a hearing first. We agree.

The decision to grant or deny an evidentiary hearing on a rule 3.850 motion is subject to de novo review. Nordelo v. State, 93 So. 3d 178, 184 (Fla. 2012). To uphold the summary denial of a rule 3.850 motion, the claims made must either be facially invalid as a matter of law or be conclusively refuted by the record. McLin v. State, 827 So. 2d 948, 954 (Fla. 2002). In undertaking this review, the factual allegations of the motion must be accepted as true unless refuted by the record. Nordelo, 93 So. 3d at 184; McLin, 827 So. 2d at 956.

To obtain post-conviction relief based on a newly-discovered evidence claim, the newly-discovered evidence must be of such nature that it would probably produce an acquittal on retrial. Jones v. State, 709 So. 2d 512, 521 (Fla. 1998). In this regard, newly-discovered evidence constitutes a basis for post-conviction relief if it "weakens the case against [the defendant] so as to give rise to a reasonable doubt as to his culpability." Id. at 526 (quoting Jones v. State, 678 So. 2d 309, 315 (Fla. 1996)). Newly discovered recantation evidence does not

> necessarily entitle a defendant to a new trial. Florida law treats
> recantations with suspicion, and requires a new trial only if the

2

> court is satisfied that the recantation is true and that "the witness's testimony will change to such an extent as to render probable a different verdict." <u>Armstrong v. State</u>, 642 So. 2d 730, 735 (Fla. 1994).
>
> An evidentiary hearing is usually required to make that determination.

<u>Robinson v. State</u>, 736 So. 2d 93, 93 (Fla. 4th DCA 1999).

The trial court erred by summarily denying the defendant's motion based on the conclusion that Lockley's recantation was not credible. Accordingly, we reverse and remand for the trial court to conduct an evidentiary hearing. <u>See</u> <u>Nordelo</u>, 93 So. 3d at 185–86 (holding that an evidentiary hearing is usually required to resolve legal questions on newly discovered evidence claims due to credibility determinations necessary in analysis); <u>McLin</u>, 827 So. 2d at 956 (holding that an evidentiary hearing is generally required to determine whether newly discovered evidence is "of such nature that it would probably produce an acquittal on retrial").

REVERSED and REMANDED.

COHEN, C.J., PALMER, and TORPY, JJ., concur.