IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

JUAN GUEVARA,

      Appellant,

v.                                                                    Case No.  5D16-3464

STATE OF FLORIDA,

      Appellee.

_____/

Opinion filed September 1, 2017

3.850 Appeal from the Circuit Court
for Orange County,
Robert J. Egan, Judge.

William R. Ponall of Ponall Law, Maitland,
and Matthew P. Ferry, of Lindsey & Ferry,
P.A., Winter Park, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, Bonnie Jean Parrish and
Marjorie Vincent-Tripp, Assistant Attorneys
General, Daytona Beach, for Appellee.

PER CURIAM.

      Juan Guevara ("Appellant") appeals the trial court's summary denial of his Florida

Rule of Criminal Procedure 3.850 motion, filed after Appellant pled no contest to the

offenses of cultivation of cannabis and theft of utilities.  Appellant raised two claims in his

3.850 motion, contending counsel was ineffective for (1) failing to advise Appellant of a

meritorious suppression issue and (2) misadvising Appellant of the deportation consequences of his plea. We reverse and remand for an evidentiary hearing on Appellant's first claim and affirm as to the second claim without discussion.

On the day of Appellant's arrest, officers approached his home and knocked on his door after receiving complaints of a grow operation at Appellant's home. Appellant answered, but refused to allow the officers to search his home. Nevertheless, while standing at the front door, the officers detected the smell of marijuana emanating from Appellant's residence. Thereafter, the officers placed Appellant in handcuffs and conducted a "security sweep" of Appellant's home. Subsequently, the officers secured a search warrant and discovered a grow operation in the residence consisting of thirty-six cannabis plants.

In his rule 3.850 motion, Appellant alleged that (1) his residence was not open to the public; (2) postal workers were not free to approach his home; (3) there was a large amount of land and a lengthy driveway between his residence and the public road; (4) the driveway was blocked by a chain; and (5) a sign indicating "Private Property, Keep Out" was posted at the end of the driveway. Based on these allegations, Appellant asserts that he had a reasonable expectation of privacy in the land that stretched from the front of his home to the public road; thus, the officers lacked the authority to enter onto his land without having first secured a warrant. Furthermore, Appellant argues that because the officers' entry onto Appellant's land prior to knocking on his front door was unauthorized, any search of his residence that followed violated his Fourth Amendment right to be secure from an unreasonable search and seizure. Accordingly, Appellant contends that

defense counsel was ineffective for failing to advise him of a potentially meritorious motion to suppress, and that had Appellant been so advised, he would not have entered his plea.

To prevail on a claim of ineffective assistance of counsel, a party must demonstrate both deficient performance by counsel and prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). A defendant cannot establish deficient performance for failure to pursue the suppression of evidence where the defendant fails to allege meritorious grounds for relief. *See Zakrzewski v. State*, 866 So. 2d 688, 694 (Fla. 2003). Moreover, "in order to establish the prejudice prong of *Strickland* the defendant 'must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" *Bush v. State*, 964 So. 2d 181, 182 (Fla. 4th DCA 2007) (citing *Zakrzewski*, 866 So. 2d at 694 (quoting *Hill v. Lockhart*, 474 U.S. 52, 57, 59 (1985))).

As the State concedes, the facts as alleged by Appellant, which we are required to accept as true,[1] set forth a facially sufficient claim for ineffective assistance of counsel. *Cf. Bainter v. State*, 135 So. 3d 517, 520 (Fla. 5th DCA 2014) (reversing order denying defendant's motion to suppress because "the posting of . . . signs and the fencing of the entire property, including a push gate at the entrance to the driveway, exhibited the defendant's actual, subjective expectation of privacy" in a manner that society is prepared to recognize as reasonable and, thus, law enforcement was first required to obtain a warrant before entering onto defendant's property). Moreover, the record before this court does not conclusively refute Appellant's allegations on this claim. Therefore, we reverse

---

[1] *Thomas v. State*, 162 So. 3d 1084, 1085 (Fla. 5th DCA 2015).

3

the summary denial of Appellant's motion on this ground and remand for an evidentiary hearing. We otherwise affirm.

AFFIRMED in Part; REVERSED in Part; and REMANDED.

PALMER, EDWARDS and EISNAUGLE, JJ., concur.