PER CURIAM. Julius Black (the defendant) appeals the post-conviction court’s order summarily denying ground seven of his motion for post-conviction relief, filed pursuant to rule 8.850 of the Florida Rules of Criminal Procedure. Ground seven alleged ineffective assistance of counsel. We reverse and remand for an evidentiary hearing. “To prevail on a claim of ineffective assistance of counsel, a party must demonstrate both deficient performance by counsel and prejudice.” Guevara v. State, 227 So.3d 205, 207, 2017 WL 3795605 (Fla. 5th DCA Sep. 1, 2017). The defendant filed a rule 3.850 motion raising nine grounds for post-conviction relief. In ground seven, the motion alleged that trial counsel was ineffective for failing to call co-defendant Philip Snead as a defense witness because Snead would have testified that the defendant was not present at the crime scene. The defendant filed an affidavit from Snead, which stated that Snead was available and willing to testify at the defendant’s trial and that the defendant was not involved in the crime or present at the crime scene. The motion stated that Snead testified to such at his own trial and would do so again, if needed. The post-conviction court summarily denied ground seven, finding that it was refuted by the record: As to Philip Snead’s affidavit provided by the Defendant in the Second Motion to Amend, it is noted that in the companion case 2013-CF-1000A, Philip Snead did testify on his own behalf and stated the whole incident was merely a fight between intoxicated friends (he and the victim) and that Julius Black was not present. This is essentially what the affidavit in the Second Motion to Amend states. Notwithstanding this self-serving testimony, Philip Snead was found guilty of felony battery in a jury trial in his case. It is also noted that Julius Black’s trial was held on August 20, 2014 (case 2013-CF-1000B), which is before the trial of Philip Snead on June 23, 2015 (case 2013-CF-1000A). Thus, it is unlikely that Philip Snead would have testified at Julius Black’s trial before his own trial to confess that he was the sole perpetrator and that Julius Black was not present. Obviously, Mr. Snead would have had to “plead the Fifth” and subject himself to cross-examination by the State—something his attorney would have never allowed.... In sum, there is overwhelming evidence from the victim and from witnesses Aaron Salcido and Brian Pedroza, that Julius Black, a cousin of co-defendants Philip Snead and Kystal [sic] Smith, was the black male wearing a hoodie that night whose nickname was “Doc” and was present and participated in the attack on the victim. Philip Snead’s affidavit is the same as his own trial testimony, but it is unlikely he would have testified at Julius Black’s trial and confessed he was the sole attacker before his own trial. Even 'so, with overwhelming evidence to the contrary, Philip Snead’s testimony would not have been credible, and a jury did not find his testimony credible in his own trial either. “To uphold the summary denial of a rule 3.850 motion, the claims made must either be facially invalid as a matter of law or be conclusively refuted by the record. In undertaking"this review, the factual allegations of the motion must be accepted as' true unless refuted by the record.” McKinnon v. State, 221 So.3d 1239, 1240 (Fla. 5th DCA 2017) (citation omitted). First, although the post-conviction court concluded that Snead would not have testified because of self-incrimination concerns, nothing in the record supports this conclusion. See Forte v. State, 189 So.3d 1043, 1044 (Fla. 2d DCA 2016) (“The State argues that because the codefendant had not been sentenced when Forte proceeded to trial the codefendant could have invoked his Fifth Amendment right. However, nothing in the limited record before us supports the State's contention,”); see also Echevarria v. State, 976 So.2d 84, 85 (Fla. 3d DCA 2008). Second, the post-conviction .court improperly evaluated Snead’s credibility. Generally, an evidentiary hearing is required to assess the reliability and credibility of allegations in an affidavit attached to a motion for post-conviction relief.. See McKinnon, 221 So. 3d at 1241; Cueto v. State, 88 So.3d 1064, 1068 (Fla. 3d DCA 2012); Barrow v. State, 940 So.2d 1235, 1236 (Fla. 5th DCA 2006). Third, the defendant’s claim cannot be denied on lack of prejudice grounds. The post-conviction court attached excerpts of the trial testimony of the victim, two eyewitnesses,' and a police officer. Based on the excerpted testimony of these witnesses, it cannot be summarily determined that Snead’s proposed testimony would not have led to a different result at the defendant’s trial. Thus, the order summarily denying ground seven is reversed and this matter is remanded for an evidentiary hearing thereon. REVERSED AND REMANDED. PALMER, TORPYand WALLIS, JJ., concur.