# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D18-0895

_____

OMAR LIVINGSTON,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____

On appeal from the Circuit Court for Leon County.
Angela C. Dempsey, Judge.

August 9, 2019

WOLF, J.

Omar Livingston appeals a final order summarily denying his Florida Rule of Criminal Procedure 3.850 motion in which he raised multiple claims attacking his judgment and sentence based on ineffective assistance of counsel. We agree with appellant that the trial court erred in summarily denying his claim that counsel was ineffective for misadvising him concerning the maximum penalty he faced and for failing to call his codefendant as a witness. Accordingly, we reverse and remand for further proceedings. We, however, have concerns regarding the present requirements of alleging facially sufficient claims pursuant to rule 3.850, Florida Rules of Criminal Procedure, and therefore certify a question of great public importance.

## FACTS

A jury found appellant guilty of being a convicted felon in possession of a firearm, and this court affirmed his judgment and sentence. The charge arose from the traffic stop of a vehicle driven by appellant's brother, Dominic Livingston. Appellant was a passenger in the vehicle, and the arresting officer testified that he saw appellant leaning towards the glove compartment immediately after the stop. Officers found a firearm in the glove compartment, and the State charged both occupants with offenses related to firearm possession. Dominic's charges were pending at the time of appellant's trial.

## FAILURE TO ADVISE AS TO MAXIMUM PENALTY

Appellant argues in his rule 3.850 motion that he would have accepted the State's plea offer if he had been correctly advised by his attorney concerning the maximum penalty he faced. He alleged the prosecutor made an offer on the record prior to trial, the court would have accepted the offer, and the sentence would have been less severe than the sentence the trial court ultimately imposed. The postconviction court attached a portion of the jury selection transcript to its order summarily denying appellant's 3.850 motion, showing the trial court informed appellant the lowest permissible sentence under the law was 69 months prison with a 3-year mandatory minimum.

However, the record attachment contains no information that conclusively refutes appellant's assertion that his attorney provided him incorrect legal advice as to the maximum legal sentence. Therefore, we must reverse and remand the summary denial with instructions for the court to attach portions of the record that conclusively refute appellant's claim or to hold an evidentiary hearing on this ground. *See Bush v. State*, 257 So. 3d 633 (Fla. 1st DCA 2018) (holding the court erred in summarily denying a defendant's 3.850 motion because the record attachments did not conclusively refute the defendant's assertion that his defense counsel failed to correctly advise him regarding the maximum penalties associated with his charges).

In his 3.850 motion, appellant alleged that his attorney was also ineffective for failing to call his brother Dominic, the driver of the vehicle, as a witness. Appellant asserts that Dominic would have testified that appellant had no knowledge of the firearm, and this testimony would have called into question the arresting officer's testimony and may have resulted in appellant's acquittal. The postconviction court found that appellant's claim was legally insufficient only because Dominic was a codefendant who was also charged with the same offense. Therefore, the court reasoned that he would not have testified in such a way as to incriminate himself.

"[A] facially sufficient motion alleging ineffective assistance of counsel for failure to investigate and to interview a potential witness should set forth the following: '(1) the identity of the prospective witness; (2) the substance of the witness' testimony; and (3) an explanation as to how the omission of this evidence prejudiced the outcome of the trial.'" *Rangel-Pardo v. State*, 879 So. 2d 19, 20 (Fla. 2d DCA 2004) (quoting *Robinson v. State*, 659 So. 2d 444, 445 (Fla. 2d DCA 1995)); *see also Highsmith v. State*, 617 So. 2d 825, 826 (Fla. 1st DCA 1993).

The same test applies when the potential witness is a codefendant or a potential codefendant. *Penton v. State*, 2D17-3765, 2018 WL 6817149, at *3 (Fla. 2d DCA Dec. 28, 2018); *Black v. State*, 230 So. 3d 166 (Fla. 5th DCA 2017). If a defendant makes a facially sufficient claim, the postconviction court may not summarily deny the claim based on the assumption that the codefendant would invoke the Fifth Amendment. Here, the court did just that. We agree with the Fifth District's analysis:

> First, although the post-conviction court concluded that Snead would not have testified because of self-incrimination concerns, nothing in the record supports this conclusion. *See Forte v. State*, 189 So. 3d 1043, 1044 (Fla. 2d DCA 2016) ("the State argues that because the codefendant had not been sentenced when Forte proceeded to trial the codefendant could have invoked his Fifth Amendment right. However, nothing in the

limited record before us supports the State's contention."); *see also Echevarria v. State*, 976 So. 2d 84, 85 (Fla. 3d DCA 2008).

*Black*, 230 So. 3d at 168.

Here, nothing in the record indicates that Dominic Livingston ever asserted his Fifth Amendment rights. Thus, the court's reason for summarily denying the claim concerning failure to call the codefendant was legally insufficient.

As to the assertion regarding failure to call the codefendant, we are constrained to reverse by *Highsmith v. State*, 617 So. 2d 825 (Fla. lst DCA 1993). However, a defendant who alleges counsel failed to call a codefendant who would have testified in a manner that would have exonerated the defendant should be required to allege how the defendant knows the codefendant would have testified in this manner. This requirement would clarify that the witness was actually available and willing to give such testimony, and whether trial counsel was truly ineffective.

It is simply too easy for a convicted defendant to make vague and very possibly speculative allegations concerning how a codefendant would testify. Requiring a defendant to amend his sworn allegations to specify how he knows the codefendant would have testified in a certain manner places very little additional burden on the defendant. The State, however, has significant interests in requiring a defendant to make specific allegations concerning the basis of a defendant's knowledge that the codefendant would have testified in an exculpatory manner.

This specificity assures: (1) the defendant actually has a reasonable belief that the witness will testify in a particular manner; (2) if the defendant is making false allegations, they may be subject to perjury charges; and (3) the defendant will not have to be transported from prison at the taxpayers' expense for a needless hearing that will utilize scarce judicial hearing time. In addition, absent specific allegations, there is no way to accurately determine the prejudice to a defendant, whether counsel's actions were truly deficient, or even whether there is a reasonable basis to assume that the codefendant was available to testify. If we

were free to do so, we would require appellant to amend the motion pursuant to *Spera v. State*, 971 So. 2d 754 (Fla. 2007).

As such, we REVERSE and REMAND with directions for the court either to attach portions of the record that conclusively refute appellant's assertions or to hold an evidentiary hearing on both grounds.

Due to the concerns we have raised, we also certify the following question as being of great public importance:

DOES A CRIMINAL DEFENDANT HAVE TO ALLEGE A BASIS FOR KNOWING AN UNCALLED WITNESS WOULD TESTIFY FAVORABLY IN ORDER TO PRESENT A LEGALLY SUFFICIENT CLAIM IN A RULE 3.850 MOTION?

MAKAR and M.K. THOMAS, JJ., concur.

––––––––––––––––––––––––––

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

––––––––––––––––––––––––––

Omar Livingston, pro se, Appellant.

Ashley Moody, Attorney General, and Trisha Meggs Pate, Assistant Attorney General, Tallahassee, for Appellee.