DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JAVIER LANDRON,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D22-1942

[April 5, 2023]

Appeal of order denying rule 3.850 motion from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Thomas Michael Lynch V, Judge; L.T. Case No. 16-006002 CF10A.

Robert David Malove of The Law Office of Robert David Malove, P.A., Fort Lauderdale, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Richard Valuntas, Senior Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

Appellant, Javier Landron, appeals the summary denial of his Florida Rule of Criminal Procedure 3.850 motion, filed after he pled no contest to DUI manslaughter and DUI property damage. We reverse and remand for either attachment of record documents conclusively refuting the claim or for an evidentiary hearing.

Within his timely filed rule 3.850 motion, appellant alleged that trial counsel failed to file a pretrial motion to suppress to challenge warrantless hospital blood draws or advise appellant that suppressing the blood evidence was a viable "defense." Appellant alleges the motion would have been meritorious because he did not consent to the blood draws, and if filed, he would have proceeded to trial.

Appellant's claim is cognizable and not refuted by the record furnished. *See Guevara v. State,* 227 So. 3d 205, 207 (Fla. 5th DCA 2017); *Brown v. State,* 967 So. 2d 440, 443 (Fla. 4th DCA 2007). We note that the state's responses focused on other admissible evidence of appellant's impairment

to refute any claim of prejudice.  However, because appellant pleaded no contest, *Hill v. Lockhart*, 474 U.S. 52, 59 (1985), and *Grosvenor v. State*, 874 So. 2d 1176, 1181-82 (Fla. 2004), require consideration of other factors to determine whether a reasonable probability exists that appellant would have insisted on going to trial.  Such circumstances include whether a particular defense was likely to succeed at trial, the plea colloquy between the appellant and the trial court, and the sentence imposed under the plea compared to the maximum possible sentence which appellant would have faced at trial.  *Grosvenor*, 874 So. 2d at 1181-82.

On remand, the trial court is to determine if trial counsel was ineffective by failing to file a meritorious motion to suppress.  If so, the trial court must next determine whether there is a reasonable probability that, but for counsel's error, appellant would not have pleaded guilty and would have insisted on going to trial.

*Reversed and remanded.*

CIKLIN, LEVINE and FORST, JJ., concur.

* * *

**Not final until disposition of timely filed motion for rehearing.**